No. 20,267.

JAKE ALLMER, ET AL., *v.* HAROLD ANDREWS, ET AL.
(386 P. [2d] 705)

Decided November 18, 1963.

Mr. E. ORD WELLS, Mr. MAX SNYDAL, Mr. GEORGE M. REDDIN, for plaintiffs in error.

Mr. EARL W. HAFFKE, Mr. DOYLE T. JOHNS, JR., Mr. KENNETH L. KLEINSMITH, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY

THIS writ of error is directed to several findings and judgment thereon entered by the district court of Morgan County in favor of the Andrews, who will be referred to as landlords. The plaintiffs in error were the defendants in the lower court, and will be referred to as tenants.

Landlords commenced a forcible entry and detainer suit in a justice of the peace court to oust tenants on a claim they were holding over beyond the expiration date of their lease. Tenants took the position that the lease had been extended. By agreement between the parties in that court, the action was dismissed and a new action commenced in the district court.

Trial to the court there embraced issues not only on the question of whether the tenants were in legal possession of the property, but also on numerous claims and counterclaims upon which there was a request for accounting and for money judgment. Also interjected in the trial was a claim by landlords for attorney fees, presumably under the authority of C.R.S. '53, 58-1-26, as amended in 1961.

One of the assignments of error by tenants is to the finding of the court that the lease had terminated and to the judgment for possession. It is no longer a justiciable controversy and is moot because the tenants moved out after entry of the judgment and voluntarily relinquished their claim to the property.

The separate money judgments entered by the court in favor of landlords were: $835.00 for pasturage; $137.90 for electricity for pump, and $185.94 for fertilizer. A total of $1158.84. Against this the court credited $434.20 which landlords admit owing to tenants. Judgment for $500.00 for attorney fees was also entered in favor of landlords. The court found against landlords on a claim for damages to a rye crop and against tenants on a claim for the cost of some fencing.

The findings and judgment on the claims and counterclaims were entered by the court after a full

hearing on disputed questions involved in the accounting between the parties. Both sides entered in evidence numerous exhibits in support of their conflicting claims. Suffice it to say that on such questions we will not set aside the findings of the trier of the facts if the judgments are supported as they are here by the records and exhibits. Those judgments, therefore, are affirmed.

We cannot, however, uphold the action of the court in allowing judgment for attorney fees. The statute (sec. 58-1-26, as amended in 1961) provides for such an award to be determined either in a separate action or in supplemental proceedings in the same action and are in the nature of damages for injury sustained during the time he "shall have been deprived of possession of the premises."

▉ The request for attorney fees was presented along with other items upon which were based the claims for money in the course of the accounting suit. The only evidence in support of the claim was a bare statement by counsel that he had spent forty-three hours on this case, and the further statement that the minimum Bar Association fees suggested for the Fort Morgan area would warrant a reasonable charge in the sum of $500.00 for that many hours of legal work. Assuming for the purposes of argument that we can so separate this record as to say that the claim for attorney fees was supplemental in nature, nevertheless the judgment cannot find support in the record for the reason that the bulk of the forty-three hours time for which compensation was sought in this case was consumed in the accounting action and in the claims for money arising out of the lease. The holding over of possession was of such short duration that there was no claim for damages other than the attorney fees incurred in having to bring the ouster suit. The court was in error in permitting counsel to lump all of his work in the litigation and allow fees based thereon where the statute limits recovery of attorney fees as damages in a F.E.D. action.

The judgments are affirmed as to all items except that for attorney fees, which judgment is reversed, and the cause is remanded with directions to determine the amount of reasonable attorney fees consistent with the views herein expressed.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE concur.