Jack J. GRYNBERG; Celeste C. Grynberg; Rachel S. Grynberg; Stephen M. Grynberg; and Miriam Z. Grynberg, Plaintiffs–Appellees and Cross–Appellants,

v.

AGRI TECH, INC., a Colorado corporation; Morgan County Feeders, Inc., a Colorado corporation; A T Cattle Co., Ltd., a Colorado limited partnership; Gary A. Weisbart; Simon Chilewich; and Chilewich Sons & Co., a New York partnership, Defendants–Appellants and Cross–Appellees.

No. 97CA1184.

Colorado Court of Appeals, Div. V.

Feb. 18, 1999.

Rehearing Denied April 22, 1999.

Certiorari Granted Oct. 4, 1999.

Reiman & Bayaz, P.C., Jeff Reiman, Eric B. Liebman, Darren E. Nadel, Denver, Colorado, for Plaintiffs–Appellees and Cross–Appellants.

Berryhill, Cage & North, P.C., Jack W. Berryhill, Rita J. Bonessa, Denver, Colorado, for Defendants–Appellants and Cross–Appellees.

Opinion by Judge DAVIDSON.

Defendants, Agri Tech, Inc., Morgan County Feeders, Inc., A T Cattle Co., Ltd., Gary A. Weisbart, Simon Chilewich, and Chilewich Sons & Co., appeal from the judgment entered upon special jury verdicts finding them liable to plaintiffs, Jack J. Grynberg, Celeste C. Grynberg, Rachel S. Grynberg, Stephen M. Grynberg, and Miriam Z. Grynberg, for breach of fiduciary duty and negligence in the course of administering a cattle investment program. Defendants also appeal the trial court's award of costs to plaintiffs and the denial of their motions for attorney fees and costs. Plaintiffs cross-appeal, seeking attorney fees and an adjustment in the amount of prejudgment interest awarded

to them. We reverse and remand for further proceedings.

In 1985, defendant Weisbart made a presentation to plaintiffs concerning the possibility of their investing in a cattle program. Plaintiffs, as the investors in the program, would provide capital through their personal investment of money and by financing supplied through defendant Morgan County Feeders. The other defendants were involved in the purchase, care, and sale of the cattle on plaintiffs' behalf. Plaintiffs claim that defendants promised an average return on their investment of 35%. Although plaintiffs made a profit on their investment, they did not realize the rate of return that they claim they were promised.

Plaintiffs filed suit against defendants, asserting several claims. At trial, five claims, breach of fiduciary duty, fraud, conspiracy, breach of contract, and negligence were submitted to the jury. The jury found in favor of plaintiffs on their claim of breach of fiduciary duty against defendants Agri Tech, Morgan County Feeders, A T Cattle Co., and Weisbart but awarded no damages. The jury also found for plaintiffs on their negligence claim against defendants Agri Tech, Weisbart, Chilewich, and Chilewich Sons & Co. and awarded damages. Defendants were found not to be liable on the remaining claims.

After a hearing on certain post-trial motions, the trial court upheld the jury verdict, denied all parties' motions for attorney fees, and awarded costs to plaintiffs as the prevailing party.

I.

Defendants first contend that the trial court erred in submitting plaintiffs' negligence claim to the jury. They argue that, because the circumstances giving rise to plaintiffs' breach of contract claims are identical to those upon which plaintiffs base their negligence claim, the negligence claim cannot be maintained. We agree.

A claim asserting a breach of contract is based on a party's failure to perform promises mutually bargained for and agreed upon by the parties to the contract. A claim

based in tort law alleges the breach of a duty other than contractual owed by one party to another. Each has duties arising under different circumstances. *See* Murr, *Deceptive Trade Practices & Misrepresentations Which Become the Terms of a Contract: "Contract Law Trumps Tort Law, Not the Other Way Around"*, 61 Tex. B.J. 334, 336 (1998) ("if contract law determines that its own rules are applicable, contract law trumps tort law, not the other way around"); *Madison Newspapers, Inc. v. Pinkerton's Inc.*, 200 Wis.2d 468, 545 N.W.2d 843 (Wis.Ct.App. 1996) (under common law, causes of action in tort and contract historically have had different purposes and protected different interests).

■ Thus, in determining whether a cause of action in tort exists, a court should consider both the source of a defendant's duty to act, that is, whether such duty arises from a contract or from some other source, and the nature of the remedy sought by the plaintiff. If the duty allegedly owed by one party to another is created by the terms of a contract and the damages sought arise from a breach of the duties set forth under the contract, then the cause of action lies in contract. If a party is seeking damages in tort based on the existence of a duty that arises by the terms of the contract and a breach of such duty, then the allegations in support of the tort claim are equivalent to those upon which the breach of contract claim is based. *See Madison Newspapers, Inc. v. Pinkerton's Inc.*, *supra* (although the circumstances which arise out of a contract may furnish the occasion for a tort, such circumstances do not form the underlying duty for the tort; such duty must exist independent of the performance of the contract).

■ In both instances, the parties are seeking damages because of a failure of the performance of the contract. To permit both claims to stand would allow the distinctions between tort law and contract law to become so blurred as to render ineffective the parties' attempts, through contract, to determine for themselves their respective duties and obligations in a relationship. *See Terrones v. Tapia*, 967 P.2d 216 (Colo.App.1998) (because parties entering into a contract are able to

shape its terms and restrict the available remedies as they please, the duty owed is contractual); *Centennial Square, Ltd. v. Resolution Trust Co.*, 815 P.2d 1002 (Colo.App. 1991) (dismissal of tort claims proper where duties alleged to be tortiously breached were created by contractual relationship); *Jardel Enterprises, Inc. v. Triconsultants, Inc.*, 770 P.2d 1301 (Colo.App.1988) (as a general rule, no cause of action lies in tort for the negligent breach of a contractual duty); *cf. Town of Alma v. Azco Construction, Inc.*, 985 P.2d 56 (Colo.App.1999) (under economic loss rule, the nonbreaching party to a contract does not have a negligence cause of action if the only damages asserted for the breach of contract are for economic loss); *Graphic Technologies, Inc. v. Pitney Bowes Inc.*, 998 F.Supp. 1174 (D.Kan.1998) (although party may not base tort claim on contractually created duty, tort claim is recognized if independent duty exists).

*Lembke Plumbing & Heating v. Hayutin*, 148 Colo. 334, 366 P.2d 673 (1961); *Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo.1980); and *Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041 (Colo. 1983), upon which plaintiffs rely, do not dictate otherwise.

In those cases, the duty asserted by the parties alleging negligence arose from an independent duty of care recognized under the common law but not contemplated under the terms of the contract. In a contract to repair, the implied duty of care is grounded in the common law which recognizes that such duty would exist even without a contractual relationship. *See Osman v. Summer Green Lawn Care, Inc.*, 209 Mich.App. 703, 532 N.W.2d 186 (1995) (contract may create the relationship out of which arises a common law duty to exercise care; at issue was the duty owed the public to exercise care in removing snow); *Jacobs v. Karls*, 178 Wis.2d 268, 504 N.W.2d 353 (Wis.Ct.App.1993) (common law recognizes general duty to use reasonable care in effecting repairs which exists independent of contractual obligations).

Indeed, in *Metropolitan Gas Repair Service, Inc. v. Kulik*, *supra*, the supreme court noted that a tort obligation could arise *independent* of a contractual duty.

*See Cosmopolitan Homes, Inc. v. Weller, supra* (although some overlap may exist in the elements required to prove a claim of negligence and a claim of breach of implied warranty, the scope of duty differs and the basis of liability is distinguishable).

Further, we read the various insurance cases cited by plaintiffs, which allow a party to pursue claims of both breach of contract and negligence, as an exception to the general rule and limited to actions arising between an insured and the insurer. *See, e.g., Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo.1984) (basis for liability in tort of an insurer's implied duty of good faith and fair dealing is grounded upon the special nature of the insurance contract and the quasi-fiduciary nature of the insurance relationship).

■ Here, plaintiffs alleged that defendants breached oral and written contracts to administer an investment program for plaintiffs by purchasing, caring for, and selling cattle for them. Plaintiffs asserted in their complaint that defendants breached these agreements by their actions and omissions in conducting the cattle program and, therefore, caused damage to them. In support of their negligence claim, plaintiffs again asserted that defendants breached duties owed to them by virtue of the specific terms of the contracts. However, absent the contractual relationship between plaintiffs and defendants to conduct a cattle investment program, there is no duty of care owed to plaintiffs by defendants. It is the contract itself which establishes and defines the relationship between the parties.

Although plaintiffs argue that defendants breached duties not specifically enumerated in the contracts, we fail to see that plaintiffs have alleged any duty owed to them that was not a part of the contracts entered into by the parties. *See Centennial Square, Ltd. v. Resolution Trust Co., supra.*

Indeed, the feeder agreement between plaintiffs and defendant Agri Tech specifically calls for Agri Tech to care for plaintiffs' cattle according to the customary standards of the cattle industry. *See Isler v. Texas Oil & Gas Corp.,* 749 F.2d 22 (10th Cir.1984) (if contract specifically defines rights and duties of parties, then parties precluded from as-serting tort claims regarding such rights and duties).

Similarly, the agreements, written and oral, all imposed a duty upon defendants to care for the cattle in a particular manner in order to receive a particular return on the money invested. Because the damages sought by plaintiffs in their negligence claim resulted from an alleged failure by defendants to achieve a promised return on plaintiffs' investment, and the reasons asserted by plaintiffs for this failure were various acts and omissions of defendants in violation of the written and oral agreements governing the cattle investment program, plaintiffs' claim was for breach of contract, not negligence.

2.

Plaintiffs contend that, if their negligence claim is precluded by the existence of written and oral contracts, then, in the alternative, defendants Agri Tech and Weisbart still are liable to them because they, as plaintiffs' agents, negligently performed their duties. We disagree.

Here, the trial court determined as a matter of law that defendants Agri Tech and Weisbart were plaintiffs' agents and instructed the jurors to consider the existence of this agency relationship in determining whether defendants had breached a fiduciary duty owed to plaintiffs. The jury was not instructed to consider this relationship in determining whether defendants had acted negligently nor was the jury instructed concerning negligent performance of an agency relationship. Because plaintiffs raise this issue for the first time on appeal, we decline to consider it here. *See Colby v. Progressive Casualty Insurance Co.,* 928 P.2d 1298 (Colo. 1996) (issues not decided by trial court may not be raised for first time on appeal).

II.

Because we reverse on the negligence claim, we need not address the parties' contentions that there was insufficient evidence to support the jury's finding of negligence, that the individual defendants could not be

liable for the corporation's negligence, and that the trial court erred in determining the amount of prejudgment interest to be applied to the damages awarded under plaintiffs' negligence claim.

## III.

Defendants also contend that the trial court erred in awarding costs to plaintiffs as the prevailing party. They argue that, because they prevailed on the majority of plaintiffs' claims, they are the prevailing parties entitled to their costs. We conclude that further proceedings are necessary.

Sections 13–16–104 & 13–16–105, C.R.S. 1998, mandate an award of costs to the prevailing party in a lawsuit. *See National Canada Corp. v. Dikeou*, 868 P.2d 1131 (Colo. App.1993).

However, under § 13–16–108, C.R.S. 1998, if several matters are pleaded in a case and each party prevails in part, an award of costs is discretionary with the trial court. In the absence of an abuse of such discretion, the award will be affirmed. *Husband v. Colorado Mountain Cellars, Inc.*, 867 P.2d 57 (Colo.App.1993).

Because plaintiffs prevailed on two of their five claims at trial and, on appeal, still may be considered the prevailing party on their breach of fiduciary duty claim, and because defendants prevailed on the remaining claims, § 13–16–108 is applicable to defendants' contention.

Defendants argue that the court abused its discretion in awarding costs to plaintiffs because they did not prevail on a majority of their claims and were not awarded the damages they sought. However, contrary to defendants' assertion, the number of claims upon which a party prevails and the amount awarded for such claims are not determinative of who is the prevailing party for the purpose of awarding costs. Rather, the prevailing party is one that has succeeded on a significant issue and has achieved some of the benefits sought in the lawsuit. *See National Canada Corp. v. Dikeou, supra; Weeks v. City of Colorado Springs*, 928 P.2d 1346 (Colo.App.1996) (even if party receives no monetary benefit, it may still be the prevailing party if verdict on liability is rendered in its favor).

Here, because we reverse the judgment entered upon plaintiffs' negligence claim, defendants Chilewich and Chilewich Sons & Co. are no longer liable on any of the claims asserted against them. The fact that plaintiffs have prevailed on only one claim as to the other defendants and were awarded no damages for that claim does not, of itself, preclude a determination that plaintiffs are the prevailing party for the purpose of awarding costs. Nevertheless, we conclude that the circumstances of this case are such that the trial court should reconsider the parties' motions for an award of costs.

## IV.

Plaintiffs and defendant Agri Tech contend that the trial court erred in denying their motions for attorney fees under the fee shifting provision of the feeder agreement. We conclude that further proceedings also are necessary to resolve this contention.

In the absence of a specific statute, court rule, or contract provision to the contrary, attorney fees are not recoverable by a prevailing party in a contract or tort action. *Bernhard v. Farmers Insurance Exchange*, 915 P.2d 1285 (Colo.1996).

The fee shifting provision of the feeder agreement provides:

> Should any litigation be commenced between [Agri Tech] and [plaintiffs] concerning any Cattle, any provisions of this Agreement, or the rights and obligations of either in relation thereto, the party prevailing in such litigation shall be entitled, in addition to any such other relief as may be granted, to a reasonable attorney fee in such litigation.

Interpretation of a written contract is a question of law subject to *de novo* review. An unambiguous contract should be enforced according to the express provisions of the contract, giving words their plain and generally accepted meaning. *Humphrey v. O'Connor*, 940 P.2d 1015 (Colo.App.1996).

A fee shifting provision should not be construed as mandatory unless the di-

rective is specific and clear on that score. *City of Wheat Ridge v. Cerveny,* 913 P.2d 1110 (Colo.1996).

Here, the plain language of the feeder agreement "entitles" a prevailing party to seek an award of attorney fees in any litigation that arises under the agreement. To be entitled to an award is to be qualified for or furnished with the proper grounds for seeking or claiming that award. *Webster's Third International Dictionary* 758 (1986).

The permissive meaning of this language provides the prevailing party with the grounds for seeking an award of attorney fees but does not direct the court to make such award. Therefore, the determination whether to award attorney fees is not mandatory but lies within the trial court's discretion. *Cf. City of Wheat Ridge v. Cerveny, supra* (because fee shifting provision of Colo. Const. art. X, § 20, simply allowed award of attorney fees to successful plaintiff, such award was not mandatory); *Town of Alma v. Azco Construction Co., supra* (to authorize award of attorney fees under a contractual provision, such fees specifically must be referred to in the contract).

Here, although the court determined that plaintiffs were the prevailing party in this litigation, the court specifically found that they did not prevail on their breach of contract claim. The court then determined that, because the jury "rejected" plaintiffs' contract claims, an award of attorney fees would be contrary to the verdict and declined to make such award to either party.

However, because we reverse on plaintiffs' negligence claim and because the trial court, on remand, must reconsider the parties' motions seeking an award of costs, similarly, the court, on remand, also should reconsider plaintiffs' and defendant Agri Tech's motions for an award of attorney fees.

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

Judge BRIGGS and Judge VOGT concur.