TOWN OF ALMA, a Colorado municipal corporation, James J. Shanks, Thomas J. Johnson, Todd McManus, Thomas S. Greising, Donald Davis, and James T. Roberts, Plaintiffs–Appellants and Cross–Appellees,

v.

AZCO CONSTRUCTION, INC., a Colorado corporation and Employers Mutual Casualty Company, an Iowa corporation, Defendants–Appellees and Cross–Appellants.

Nos. 97CA1620, 97CA2019.

Colorado Court of Appeals,
Div. IV.

Feb. 18, 1999.

As Modified on Denial of Rehearing
April 29, 1999.

Certiorari Granted Oct. 4, 1999.

Hayes, Phillips & Maloney, P.C., Herbert c. Phillips, Kendra L. Carberry, Denver, Colorado, for Plaintiffs–Appellants and Cross–Appellees.

Meconi & Jackson, P.C., Brenda L. Jackson, Canon City, Colorado, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge NEY.

In this contract dispute, the town of Alma (town) and six individual plaintiffs appeal the trial court's dismissal of their claims based on negligence and on breach of implied warranty of sound workmanship. Defendant AZCO Construction, Inc. (contractor), cross-appeals the district court's order which denied its request for attorney fees. We affirm the judgment but reverse the court's order denying attorney fees and remand for further proceedings concerning such fees.

This dispute concerns a public works contract in which the contractor agreed to improve the town's water distribution system. The town claimed that contractor breached the contract by installing leaking fittings. Consequently, it initiated this action against contractor, asserting four claims for relief: negligence, breach of implied warranty of sound workmanship, negligence *per se*, and breach of contract.

Prior to trial, the court dismissed the town's claims based on negligence and on implied warranty of sound workmanship. The town voluntarily dismissed the claim of negligence *per se*.

The case proceeded to trial solely on the breach of contract claim and the jury returned a verdict in favor of contractor. Within fifteen days of the jury verdict, contractor moved unsuccessfully for an award of attorney fees. The claim for attorney fees was based on a provision of the contract which provided that the successful party in any litigation shall be entitled to reasonable "legal expenses" as part of any judgment.

## I.

The town contends that the district court erred by dismissing its claims of negligence and of breach of implied warranty of sound workmanship. However, we conclude that the specific one-year warranty provided in the contract was the town's exclusive remedy and, thus, perceive no error.

## A.

■ The town contends that the trial court erred by applying the economic loss rule to dismiss the negligence claim. We disagree.

In its opening brief, the town stated that it sought, "no lost profits or other economic loss but instead seeks damages in an amount equal to the cost of repairing the physical damage, failed service connections, occasioned by [contractor's] shoddy workmanship." The town essentially asserts that the physical damage to the pipes and fittings constitutes "property damage" and thus the economic loss rule does not apply.

■ The economic loss rule provides that a non-breaching party does not have a negligence cause of action where damage for breach of contract is only for economic loss. To hold otherwise would permit the non-breaching party to avoid the contractual limitation of remedy. *Jardel Enterprises, Inc. v. Triconsultants, Inc.*, 770 P.2d 1301 (Colo. App.1988).

The court found that the damages resulting from poor workmanship sought by the town were provided for in the contract. *See Grynberg v. Agritech*, 985 P.2d 59 (Colo.App. 1999).

Accordingly, because the record here provides support for the court's finding that all damages sought are provided for in the parties' construction contract, we conclude that the trial court did not err in its application of the economic loss rule.

## B.

■ Although the town concedes that no authority for the claim of breach of implied warranty of sound workmanship exists in Colorado, it urges us to follow other jurisdictions in recognizing such claim. We decline to do so.

In *Duncan v. Schuster–Graham Homes*, 194 Colo. 441, 444, 578 P.2d 637, 638 (1978), our supreme court expanded an implied warranty of habitability between a homebuilder and a subsequent purchaser; however, in doing so, it clearly emphasized that this extension of the warranty, "applies only to situations presenting facts closely akin to those presented in this case."

*Duncan* does not apply here as it involved an implied warranty of habitability on a pri-

vate home sales contract. Here, the controversy concerns an asserted implied warranty of sound workmanship on a public works contract.

We decline to create new law in this case without legislative authority.

## II.

Contractor maintains that the trial court erred by denying its request for attorney fees against the town, based on the court's findings that contractor's claim was untimely and that §§ 29–1–113 & 29–1–110, C.R.S. 1998, apply. We agree.

Section 3.26.1 of the contract provides:

If any litigation results from any claims, disputes or other matters in question arising out of or relating to this agreement, or the breach thereof, the successful party in the litigation shall be entitled to reasonable *legal expenses* as part of any judgment. (emphasis supplied)

Contractor moved for attorney fees against the town three days after the jury returned its verdict. The trial court found that contractor did not claim attorney fees in its prayer for relief and that, under §§ 29–1–113 and 29–1–110, the contractual provision for legal expenses is unenforceable, and denied contractor's motion based on those findings.

## A.

■ Contractor maintains that, in finding its motion for attorney fees to be untimely, the trial court erred. We agree. On August 22, 1997, three days after the jury returned its verdict in favor of contractor, contractor moved for costs and attorney fees. This motion was based on the above-quoted contract provision. The trial court entered judgment on November 21, 1997, *nunc pro tunc* August 19, 1997.

■ A claim for attorney fees by a prevailing party, based on the parties' contractual provision, arises after the trial, when the prevailing party can be identified. *Borquez v. Robert C. Ozer, P.C.,* 923 P.2d 166 (Colo. App.1995), *rev'd on other grounds,* 940 P.2d 371 (Colo.1997).

Furthermore, C.R.C.P. 121 § 1–22 provides that a party claiming costs shall file a bill of costs within fifteen days of the entry of judgment. This rule applies to awards of fees made to a prevailing party pursuant to a contract where the award depends on the success of that party in the litigation. C.R.C.P. 121 § 1–22(2)(a).

It is undisputed that contractor filed its bill of costs and motion for attorney fees within fifteen days of entry of the judgment, as required by C.R.C.P. 121 § 1–22. Hence, it was error for the trial court to consider it as untimely.

## B.

■ Contractor next contends that the trial court erred in denying it attorney fees against the town based on §§ 29–1–113 & 29–1–110, because the town did not appropriate funds for this expense. Again, we agree.

Section 29–1–113, C.R.S.1998, requires local governments in Colorado to adopt and file a budget for each fiscal year. Section 29–1–110(1), C.R.S.1998, prohibits municipalities from spending any funds in excess of amounts appropriated in the adopted budget, and renders any contract entered in violation of this section void.

However, § 24–91–103.6(4), C.R.S.1998, provides:

In the event that a good faith dispute arises between a public entity and a contractor concerning the contractor's right to receive additional compensation under a remedy-granting provision of the public works contract, it shall not be a defense to a civil action for payment to such claim that no moneys have been appropriated for such claimed amounts, so long as the contractor has complied with all provisions of the contract applicable to the dispute.

The statute also requires the contractor to submit an affidavit which sets forth information in support of the claim amount. *See* § 24–91–103.6(4), C.R.S.1998. Finally, § 24–91–103.6(6), C.R.S.1998, renders any part of § 24–91–103.6, C.R.S.1998, inapplicable to a public entity's contract which is funded in part by a federal grant, if any provision of

this section conflicts with the terms of the federal grant.

Here, because the attorney fees claim derives from a remedy-granting provision of the contract and the contractor filed the necessary affidavit concerning the fees, we determine that § 24–91–103.6(4) applies to the disputed contract. Furthermore, although federal funds supported the project, our review of the record does not reveal any conflict between the statute and federal grant terms.

Therefore, we conclude that, under these circumstances, § 29–1–110, does not prohibit the court from awarding attorney fees to contractor against the town.

### C.

The record reveals that, although contractor requested a hearing on the issue of attorney fees, the trial court entered its order without any hearing. Therefore, because the trial court erroneously concluded that the town is not liable for attorney fees, based on its findings of untimeliness and the applicability of §§ 29–1–113 & 29–1–110, the order denying attorney fees against the town cannot stand and the cause must be remanded for a hearing on the award, if any, of attorney fees to contractor.

We note that the town argues that attorney fees are not included in the term "legal expenses" as that term was used in the parties' contract. Because the trial court issued its order without reaching this issue and without a hearing, the parties may develop this argument on remand of the attorney fees issue.

### III.

Finally, contractor asserts that the trial court erred by denying attorney fees against the six individual plaintiffs, based on its finding that they were not parties to the contract. Contractor contends that the individuals are third-party beneficiaries to the contract, and therefore, are liable for attorney fees.

On remand, if the trial court determines that attorney fees are included in the legal expenses provision of the contract, the court must then specifically find if the individual plaintiffs are third-party beneficiaries to the contract. If the court finds that they are third-party beneficiaries, the court should then determine if they have any liability for attorney fees.

If the court finds that the plaintiffs are not third-party beneficiaries, or that attorney fees are not contemplated by the term "legal expenses," then the individual plaintiffs have no liability for attorney fees.

The judgment dismissing the town's claims of negligence and breach of implied warranty of sound workmanship is affirmed. The order denying attorney fees to contractor against the town based on timeliness and §§ 29–1–113 & 29–1–110, is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judge RULAND and Judge ROTHENBERG, concur.