**INTEGRA FINANCIAL, INC.,**
Plaintiff–Appellant,

v.

**GRYNBERG PETROLEUM COMPANY,**
Defendant–Appellee.

**No. 01CA0992.**

Colorado Court of Appeals,
Div. IV.

Oct. 10, 2002.

Rehearing Denied Nov. 14, 2002.

Certiorari Denied Aug. 18, 2003.

Wolf & Slatkin, P.C., Raymond P. Micklewright, Denver, Colorado, for Plaintiff–Appellant.

Phillip D. Barber, P.C., Phillip D. Barber, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this forcible entry and detainer (FED) action brought pursuant to § 13–40–101, et seq., C.R.S.2002, plaintiff, Integra Financial, Inc., appeals from the judgment of the trial court denying its request for an award of attorney fees against defendant, Grynberg

Petroleum Company. We reverse and remand.

Grynberg and Integra leased adjacent office suites in the same building. In April or May 1999, Grynberg entered into an oral sublease with Integra under which Grynberg occupied three of the five offices in Integra's suite. Integra attempted to terminate the lease after Grynberg began construction to wall off the three offices from the remainder of Integra's suite and to allow access from Grynberg's suite.

Integra filed this FED action, seeking possession, damages, and attorney fees pursuant to § 13–40–123, C.R.S.2002. It alleged that the term of the sublease was month to month and that it incurred damages from the construction and Grynberg's wrongful possession. In its answer, Grynberg alleged that the term of the sublease was coextensive with Integra's renewed lease with the owner of the building, that Grynberg was lawfully in possession, and that Integra was not damaged because it agreed to the construction. Grynberg also filed a counterclaim, alleging that the oral lease agreement provided for sharing the costs to subdivide Integra's suite. It sought damages for breach of contract and a declaratory order that it was entitled to possession. In addition, it filed counterclaims for breach of the implied duty of good faith and fair dealing, promissory estoppel, and outrageous conduct.

The hearing on possession was deferred until a trial on the merits, which was twice continued until February 2001. Grynberg paid rent until it vacated the premises in August 2000 under a reservation of rights. At no time prior to trial did it concede Integra's right to possession. The trial court entered judgment for Grynberg on its counterclaim for damages, finding that the parties had agreed to subdivide the suite and split the costs. It entered judgment for Integra on the issue of possession, finding that there was no agreement on the duration of the tenancy and that a periodic tenancy was therefore created. However, it awarded Integra no damages for the cost of removing the renovations, finding that there had been no agreement on that point. It dismissed Grynberg's claims for breach of the duty of good faith and fair dealing, promissory estoppel, and outrageous conduct.

Each party sought an award of attorney fees pursuant to § 13–40–123. The trial court did not award attorney fees or costs, stating: "Both parties in this case have prevailed on a significant issue, and the Court therefore finds, for purposes of the request for attorney fees and costs, that there is no prevailing party. Each side shall bear its own costs and attorney fees." The issue of costs is not raised in this appeal.

Integra contends that the trial court erred in concluding that there was no prevailing party for purposes of awarding attorney fees pursuant to § 13–40–123. We agree and conclude that the prevailing party for purposes of § 13–40–123 is the party adjudged to have the right to possession.

■ In the absence of a contract provision, statute, or court rule to the contrary, a prevailing party may not recover attorney fees. See Grynberg v. Agri Tech, Inc., 985 P.2d 59 (Colo.App.1999), aff'd, 10 P.3d 1267 (Colo. 2000). However, § 13–40–123 provides an exception to the general rule and allows a party to recover attorney fees as damages if the party prevails in an FED action: "The prevailing party in any action brought under the provisions of this article is entitled to recover damages, reasonable attorney fees, and costs of suit."

While a broad definition of the term "action" might include any counterclaims raised against a plaintiff seeking relief under the FED statutes, see, e.g., § 4–1–201(1), C.R.S. 2002 (UCC definition of "action" includes counterclaims), we conclude that the definition for purposes of § 13–40–123 excludes claims and counterclaims relating to nonpossessory issues.

■ An FED action is an action to recover possession of real property. See §§ 13–40–110(1), 13–40–113(1), C.R.S.2002; RTV, L.L.C. v. Grandote Int'l Ltd. Liab. Co., 937 P.2d 768 (Colo.App.1996). Other claims may be considered part of an FED action for purposes of § 13–40–123 if they bear on the right to possession. See Wilcox v. Clark, 42 P.3d 29, 31 (Colo.App.2001)(where landlord commenced FED action and was awarded

possession on alternative theory that lease was illegal, an award of attorney fees was proper because the "claim and the relief granted were for, and in the nature of, a forcible entry and detainer"). Conversely, claims that do not bear on the right to possession are not part of an FED action for purposes of awarding attorney fees. *See Allmer v. Andrews*, 153 Colo. 487, 386 P.2d 705 (1963)(interpreting prior version of FED statute, court disallowed portion of attorney fees awarded for time spent on nonpossessory issue).

 Moreover, denying a plaintiff attorney fees if the defendant successfully raises counterclaims on nonpossessory issues is inconsistent with other FED provisions. Section 13–40–115(1), C.R.S.2002, requires a court to enter judgment for the plaintiff for reasonable attorney fees and costs, in addition to restitution of the premises and certain other damages, if the defendant is found to have committed an unlawful detainer such that the plaintiff is entitled to possession. One party's unlawful detainer—and therefore, the other party's right to possession—triggers the award, rather than any other factors that may be relevant to determining the prevailing party in other contexts.

Here, the trial court determined that Integra was entitled to possession and that Grynberg had unlawfully detained the premises. The counterclaims on which Grynberg prevailed did not involve the issue of possession and, therefore, were not part of an action brought under the provisions of the FED article. Thus, Integra was the prevailing party in the FED action and must be awarded reasonable attorney fees it incurred for the work attributable to the claims relating to possession.

Grynberg's argument to the contrary notwithstanding, the fact that it vacated the premises before trial does not alter the outcome because its surrender of the premises was made under a reservation of rights, and it continued to claim that it was entitled to possession.

We also reject Grynberg's contention that Integra is bound by a purported concession in the trial court that the award of attorney fees to the prevailing party under § 13–40–123 is discretionary rather than mandatory. Here, the trial court determined that there was no prevailing party, thereby precluding application of any standard. Therefore, there was no invited error.

The judgment is reversed, and the case is remanded to the trial court to determine and award Integra's reasonable attorney fees incurred on the issue of possession.

Judge VOGT and Judge DAILEY concur.