**Kenneth D. TUCHMAN, Plaintiff,**

v.

**PELL RUDMAN TRUST COMPANY, N.A., Pell Rudman Maryland, Inc., f/k/a Rothschild/Pell Rudman, Inc., Amvescap National Trust Company and Amvescap Group Services, Inc. Defendants.**

**No. CIV.A. 02–K–150.**

United States District Court, D. Colorado.

Feb. 12, 2003.

Nancy J. Gegenheimer, Holme, Roberts & Owen, LLP, Denver, CO, for plaintiff.

William E. Murane, Holly S. Stein, Jennifer Kathleen Harvey, Holland & Hart, LLP, Denver, CO, for Pell Rudman Trust Co., N.A., Pell Rudman Maryland, Inc., Amvescap Group Services, Inc., defendants.

Holly S. Stein, Holland & Hart, LLP, for Pell Rudman & Co., Inc., Amvescap PLC, Invesco North American Holdings, Inc., defendants.

## ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT

KANE, Senior District Judge.

█ This matter is before me on Defendants' renewed Motion to Dismiss. Plaintiff's original Complaint was dismissed on Defendants' first Motion in April 2002.[1] The dispute arises out of high-income investment services provided Plaintiff by Defendant Pell Rudman Trust Company ("Pell"), in which Plaintiff lost a substantial amount of money. The services were provided under a Client Services Agreement prescribing certain actions and standards of care in the handling of Plaintiff's investments.

In his First Amended Complaint, Plaintiff names additional party Defendants and augments the factual allegations he contends establish that he has standing to sue under the Agreement notwithstanding the fact that the Agreement, on its face, appears to be between Pell and an entity named Mantucket. Plaintiff contends he was a signatory to the Agreement and therefore Pell's "client" and maintains Pell breached both express and implied contractual obligations under that Agreement. In addition, Plaintiff asserts Pell breached duties of care that arose independently of their contractual relationship at law such that Pell, together with various parent and

1. Defendants' initial motion sought the dismissal of Plaintiff's original Complaint on behalf of all of the Defendants and summary judgment on a behalf of some of them. In support, Defendants filed a series of affidavits, to which Plaintiff filed written objections and a Motion to Strike. Plaintiff simultaneously moved to amend his Complaint to address issues raised in the Motion to Dismiss, which I granted. I denied the Motions to Dismiss and for Summary Judgment as premature given the substance of Defendants' arguments and the procedural posture of the case. Plaintiff filed his First Amended Complaint on May 7, 2002, and it is that Complaint that is the subject of the instant Motion.

**1158**

successor companies of Pell, is also liable to him in tort for its negligence in investigating and handling his investments and for breach of fiduciary duty.

 Defendants move to dismiss each of Plaintiff's four claims for relief.[2] I deny the Motion, and will allow all four of Plaintiff's claims to proceed to discovery. I expressly find and conclude, however, that Plaintiff's claims sounding in contract and in tort will be viewed in the alternative and state that Plaintiff will not be permitted to proceed to trial on both. Plaintiff is either a party to or intended beneficiary of a contractual agreement with Pell whose relationship with Pell—and his rights and remedies relating to any breach of contractual duties by Pell—is governed by contract, or he is not and his rights and remedies are limited to those existing at law. Under the facts and circumstances alleged, Tuchman will not be entitled to maintain both theories of relief simultaneously.

Out of an abundance of caution and because several of Defendants' arguments are better tested in light of the facts as they develop in discovery rather than on Plaintiff's allegations alone, I find Plaintiff has stated viable claims for relief both in contract and, in the event the contract claims ultimately fail on their merits, in tort. I have strong reservations about the propriety of Plaintiff's tort claims, however, and will dismiss them under a Rule 50 or 56 standard unless Plaintiff comes forward with facts demonstrating the duties allegedly tortiously breached by Pell were different from, *and not contemplated by,* those imposed in contract. I also express reservation about Plaintiff's theories of successor liability, but conclude those theories must be tested under a Rule 56, rather than Rule 12(b)(6), standard.

In reaching this conclusion I make the following determinations:

1. Plaintiff's allegations sufficient under a Rule 12(b)(6) standard to establish that Tuchman was individually a client of the Pell entities under the Client Services Agreement and therefore has standing to pursue his breach of contract claims against them.

2. I further find Plaintiff's allegations regarding the parties' course of conduct over the 18–plus months Pell handled Tuchman's accounts after the Client Services Agreement was signed sufficient to support a claim that additional contractual duties arose after that date and that Pell breached those implied duties.

3. Assuming the viability of Plaintiff's claims for breach of contract, Plaintiff's tort claims run afoul of the general rule that Colorado courts do not recognize an independent tort action for breach of duties imposed by contract. *See Centennial Square, Ltd. v. Resolution Trust Co.,* 815 P.2d 1002, 1004 (Colo.App. 1991) (affirming dismissal of borrower's tort claims against lender for "bad faith dealing" and "negligent loan processing" where duties purportedly tortiously breached were created by a contractual relationship and borrower was also asserting claims for breach of contract to loan money and covenant of good faith and fair dealing and citing *Bloomfield Financial Corp. v. National Home Life Assur. Co.,* 734 F.2d 1408 (10th Cir.1984) and *Gilmore v. Ute City Mortgage Co.,* 660 F.Supp. 437 (D.Colo.1986)). *Accord Grynberg v.*

**2.** Specifically, Plaintiff's First Amended Complaint seeks compensatory and related damages on claims for breach of contract (Claim 1); breach of implied contract (Claim 2); professional negligence (Claim 3); and breach of fiduciary duty (Claim 4).

*Agri Tech, Inc.*, 985 P.2d 59, 61–62 (Colo.App.1999). Plaintiff's selective reliance on the Colorado Supreme Court's holding in *Town of Alma v. AZCO Constr. Co.*, 10 P.3d 1256 (Colo.2000), does not overcome this deficiency.

In AZCO, the Colorado Supreme Court set out to clarify its position on the "economic loss" doctrine and edify the distinction between improper tort actions seeking to recover purely economic losses for breaches of duty arising in contract and appropriate actions in which tort law provides an independent basis for relief. While expressly adopting the economic loss rule in Colorado, the Court recognized that a party suffering only economic loss from the breach of a contractual duty may assert a tort claim for such a breach only if tort law provides an "independent duty of care." 10 P.3d at 1264–66. Plaintiff seizes on this language to argue that, because Colorado tort law imposes professional and fiduciary duties of care on financial advisors/brokers under appropriate circumstances independently of any duties an advisor/broker may assume in contract, he is entitled under *AZCO* to maintain both an action in contract for breach of the Client Services and related implied "Investment Advisor" Agreements and an action in tort for negligence and breach of fiduciary duty. In my view, Plaintiff misapprehends what the state Supreme Court meant by "independent" in AZCO. The mere fact that independent duties exist as a matter of law does not mean that, once a broker/advisor enters into a contractual relationship with a client, those duties remain "independent" of those assumed and allocated in contract. The salient inquiry is into the nature of the obligations assumed: if they are the same as or subsume the duties of care imposed by law, then the duty of care imposed in tort is no longer "independent" of that agreed to in contract.

In AZCO, as the courts in *Grynberg* and *Centennial* before it, the plaintiff's claim for negligence was dismissed based upon findings that the duties allegedly tortiously breached were the same as the duties allegedly breached in contract. For example, the contract at issue in *AZCO* expressly assigned a duty of care to the defendant in the installation of a water system to "guarantee its quality of workmanship and its materials." 10 P.3d at 1264. Because plaintiff's tort claim was premised on defendant's alleged negligent workmanship, the Court concluded plaintiff had failed to demonstrate defendant had breached any duty "independent" of its contractual obligations. *Id.* at 1264, 1266.

Here, it appears from Plaintiff's allegations that the duties allegedly tortiously breached by Pell are precisely the same express and implied duties Plaintiff claims Pell assumed upon entering into the Client Services and Investment Advisor Agreements. *Compare* Am. Compl. ¶ 19–26 (setting forth the duties assumed in contract, including obligations to review and perform due diligence on investment managers and investment vehicles proposed to Tuchman) *with* ¶¶ 35, 42 ("by failing to conduct adequate due diligence and to exercise independent judgment regarding Slatkin ... Pell breached its obligations to Tuchman under the Client Services Agreement[/Investment Advisor Agreement]"), ¶¶ 46–47 ("Pell owed Tuchman a separate *duty of care to employ that degree of knowledge, skill and judgment ordinarily exercised by professional investment advisors and managers to perform reasonable and adequate due diligence and to exercise independent judgment regarding any proposed investments and/or outside investment managers, including ... Slatkin ....* [and][b]y failing to conduct adequate due diligence and to exercise independent judgment regarding Slatkin ... Pell breached its duty of care owed to

Tuchman"), *and* ¶¶ 50, 52 ("Pell owed Tuchman *a fiduciary duty ... requiring Pell to undertake and to perform thorough due diligence and to exercise independent judgment regarding any proposed investments and/or outside investment managers, including ... Slatkin ....* [and][b]y failing to conduct thorough and adequate due diligence and failing to exercise independent judgment regarding Slatkin ... Pell breached its fiduciary duties to Tuchman.") (Emphasis added.)

The fundamental distinction in cases allowing or not allowing tort claims in addition to claims for breach of contract is not that the common law recognizes a duty of care that is independent, generally, of duties that may be bargained for in contract, but whether the duty of care recognized in common law truly is, in a particular case, independent of the duties the parties have, in fact, allocated to each other in contract. The court in *Grynberg* articulated this distinction succinctly in distinguishing cases where courts had allowed a plaintiff to maintain a tort action for purely economic losses independently of a claim for breach of contract:

> In those cases, the duty asserted by the parties alleging negligence arose from an independent duty of care recognized under the common law *but not contemplated under the terms of the contract.*

*Grynberg,* 985 P.2d at 62 (citing *Lembke Plumbing & Heating v. Hayutin,* 148 Colo. 334, 366 P.2d 673 (1961), *Metropolitan Gas Repair Serv., Inc. v. Kulik,* 621 P.2d 313 (Colo.1980) and *Cosmopolitan Homes, Inc. v. Weller,* 663 P.2d 1041 (Colo.1983))(emphasis mine). *Grynberg* was analyzed and cited favorably by the Supreme Court in *AZCO* and provides, in my view, a correct statement of the law on this issue in Colorado. Because the professional and fiduciary duties asserted by Tuchman in the instant case are precisely the same as those he alleges were contemplated under the terms of the parties' contractual agreements, he cannot maintain both breach of contract and tort claims for their breach. Doing so would violate the economic loss rule developed and applied by the courts in *Centennial* and *Grynberg* and adopted by the Colorado Supreme Court in *AZCO.*

### Conclusion.

Here,. Plaintiff's own allegations show that the professional and fiduciary duties of care he claims arise under common law are precisely the same as those he claims Pell agreed to in entering into the Client Services and Investment Advisor Agreements with him. Thus, and while Plaintiff has stated viable claims for relief under a Fed.R.Civ.P. Rule 12(b)(6) standard both in contract and in tort, those are alternative claims for which relief may be had only one way or the other. If Plaintiff's assertion that Pell entered into a contractual relationship with him survives summary judgment, then his rights and remedies are governed by contract and his tort claims will be dismissed for the reasons stated in *Grynberg, Centennial* and *AZCO.* If Plaintiff's assertion that Pell entered into a contractual relationship with him does not survive summary judgment, however, then Plaintiff's tort claims may be tested under that same standard.

With the reservations and rulings set forth above, the Motion to Dismiss is DENIED. The case will be set for a Scheduling Conference by separate Minute Order.