**John R. BROCK, Jr., and Ann W. Brock, Plaintiffs–Appellees,**

**v.**

**John E. WEIDNER and Peggy S. Weidner, Defendants– Appellants,**

**and**

**Discovery Homeowners Association and Architectural Control Committee, Defendants–Appellees.**

**No. 02CA2519.**

Colorado Court of Appeals, Div. A.

April 8, 2004.

Rehearing Denied May 13, 2004.

---

§ 24–51–1105, C.R.S.2003.

Mulliken, Gleason, Weiner, Whitney & Jolivet, P.C., Steven K. Mulliken, Gregory M. O'Boyle, Colorado Springs, Colorado, for Plaintiffs–Appellees.

Daniel Stageman, P.C., Daniel B. Stageman, Colorado Springs, Colorado, for Defendants–Appellants.

Susemihl, McDermott & Cowan, P.C., C. David McDermott, Colorado Springs, Colorado, for Defendants–Appellees.

Opinion by Chief Judge DAVIDSON.

Defendants, John E. Weidner and Peggy S. Weidner, appeal from the judgment dismissing an action filed against them by plaintiffs, John R. Brock, Jr., and Ann W. Brock. Specifically, defendants appeal the portion of the judgment declining to award them costs and attorney fees under a contractual fee-shifting provision. We reverse that portion of the judgment and remand.

Plaintiffs filed a complaint seeking injunctive and declaratory relief and damages arising from defendants' plans to build an addition to their home. Plaintiffs alleged that the proposed construction would violate the restrictive covenants of the subdivision, and that certain preliminary tree removal had already violated the covenants.

Plaintiffs named as additional defendants the Discovery Homeowners Association and its architectural control committee (collectively DHA). Plaintiffs alleged that DHA improperly ratified or failed to prohibit defendants' actions. Plaintiffs also sought to recover their costs and attorney fees pursuant to a fee-shifting provision in the covenants, which provides as follows: "[The] successful party in any proceeding to enforce these covenants, conditions and restrictions shall be entitled to recover the costs of said proceeding including reasonable attorney's fees."

Following an evidentiary hearing on plaintiffs' motion for a preliminary injunction, the trial court denied that request. The court found that defendants proceeded properly in seeking approval for the project and that DHA acted in a reasonable and good faith manner when it construed ambiguous provisions of the covenants and allowed defendants to continue with the project.

Plaintiffs sought a jury trial on their remaining claims, which prompted objections from defendants and DHA. Noting that the basic thrust of the action was equitable, the trial court denied the jury demand.

Plaintiffs then filed a motion for partial summary judgment citing three allegedly undisputed breaches of the covenants by defendants and DHA. The trial court denied plaintiffs' motion after concluding that there were disputed material issues of fact, and plaintiffs then set the case for trial.

Approximately two months later, plaintiffs and DHA filed a joint motion seeking dismissal of the action based on a settlement agreement they had reached. The settlement agreement provided that it became effective only if the trial court dismissed the action and it required all parties, including defendants, to pay their own attorney fees. The motion indicated that defendants would object to the requested relief.

Defendants filed an objection, arguing that any dismissal should be conditioned on plaintiffs being required to pay defendant's attorney fees under the fee-shifting provision in the covenants.

Thereafter, the trial court entered an order dismissing the action under C.R.C.P. 41(a)(2). The order specified that the dismissal was "with prejudice" as to plaintiffs' claims against DHA and that all parties would pay their own costs and attorney fees.

Defendants filed a timely C.R.C.P. 59 motion asking the trial court to modify the order to provide that (1) dismissal of the claims against them also be with prejudice and (2) they be allowed to recover their costs and attorney fees pursuant to the fee-shifting provision in the covenants.

Plaintiffs then filed an amended motion that sought dismissal of all claims with prejudice, and the trial court entered an amended dismissal order granting that motion. In its amended order, the trial court found that the issues were "close and difficult" and concluded that an award of attorney fees was not warranted.

Defendants contend that the trial court abused its discretion in declining to require plaintiffs to pay their attorney fees either as a condition of dismissal under C.R.C.P. 41(a)(2) or pursuant to the fee-shifting provision in the covenants. We agree that an award of attorney fees to defendants was proper under the covenants.

### I. Attorney Fees under C.R.C.P. 41(a)(2)

■ Initially, we perceive no error or abuse of discretion by the trial court insofar as it declined to award attorney fees as a condition of dismissal pursuant to C.R.C.P. 41(a)(2). Absent exceptional circumstances, such as repeated harassing suits by a plaintiff, a defendant may not recover attorney fees when a plaintiff obtains dismissal of an action with prejudice under that rule. See AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir.1997)(applying substantially similar federal counterpart to C.R.C.P. 41(a)(2)); see also 8 J.W. Moore, Moore's Federal Practice ¶ 41.40[10][d] (2003); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366 (1995).

Because the trial court dismissed the action with prejudice and because no exceptional circumstances were present in this case, the trial court properly declined to require plaintiffs to pay defendants' attorney fees as a condition of the dismissal under C.R.C.P. 41(a)(2). See AeroTech, Inc. v. Estes, supra.

### II. Attorney Fees under the Covenants

■ However, we conclude that the trial court abused its discretion in not requiring plaintiffs to pay defendants' reasonable costs and attorney fees as the "successful part[ies]" in the proceeding under the fee-shifting provision in the covenants.

■ In the absence of a specific statute, court rule, or contract provision to the contrary, attorney fees are not recoverable by a prevailing party in a contract or tort action. Bernhard v. Farmers Ins. Exch., 915 P.2d 1285, 1287 (Colo.1996).

■ Fee-shifting provisions are expressly designed to override the otherwise applicable rule that the losing party does not have to pay the winner's attorney fees. These provisions generally contemplate that the "prevailing party" will be entitled to recover its attorney fees and that there will be one winner and one loser regarding payment of those fees. See Wheeler v. T.L. Roofing, Inc., 74 P.3d 499, 503–04 (Colo.App.2003).

■ The determination of which party succeeded or prevailed under a contractual fee-shifting provision is committed to the discretion of the trial court subject, however, to an abuse of discretion standard of review on appeal. See Dennis I. Spencer Contractor, Inc. v. City of Aurora, 884 P.2d 326, 328 (Colo.1994).

Here, defendants achieved substantial success in the litigation. Indeed, it is difficult to see how defendants could have been any more successful than they were. Defendants succeeded in precluding plaintiffs from obtaining a preliminary injunction to block construction of the addition. Defendants then succeeded in defending against both plaintiffs' motion for partial summary judgment and plaintiffs' demand for a jury trial. Plaintiffs' motion to dismiss acknowledged defendants' success by indicating that further litigation would be counterproductive and that "[t]he injunctive relief sought ... in this action is moot as the construction sought to be enjoined ... is now nearly complete."

■ The action culminated in the dismissal with prejudice of all claims against defendants. Such a dismissal is considered an adjudication on the merits. See O'Done v. Shulman, 124 Colo. 445, 448, 238 P.2d 1117, 1118 (1951); see also Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530, 534 (4th Cir.1991)(voluntary dismissal with prejudice under Fed.R.Civ.P. 41(a)(2) is a complete adjudication on the merits and no adjudication in favor of defendants, by court or jury, can rise higher).

Defendants succeeded on every contested issue in the case and the action ultimately was dismissed with prejudice. Therefore, defendants were the successful parties in the proceeding. See Cobabe v. Crawford, 780 P.2d 834 (Utah Ct.App.1989)(defendants were successful parties under contractual fee-shifting provision where plaintiffs voluntarily dismissed litigation with prejudice); 1 Mary Frances Derfner & Arthur D. Wolf, Court Awarded Attorney Fees ¶ 9.02, at 9–11 (1999)(a plaintiff's decision to dismiss with

prejudice should make the defendant a prevailing party).

Accordingly, the trial court abused its discretion by failing to identify defendants as the prevailing parties under the fee-shifting provision in the covenants.

■ We further conclude that because defendants are the prevailing parties, the trial court is required to award them reasonable attorney fees. Although it was not relied on by the trial court, we are aware that the provision in the covenants here that the prevailing party "shall be entitled" to recover reasonable attorney fees was previously construed in *Grynberg v. Agri Tech, Inc.*, 985 P.2d 59, 65 (Colo.App.1999), *aff'd on other grounds*, 10 P.3d 1267 (Colo.2000), to vest discretion in the trial court to refuse to award fees. However, we conclude that a departure from that holding is warranted. We agree with *Grynberg* insofar as it determined that the word "entitled," when standing alone, is not a mandatory directive. However, by focusing entirely on that word, the *Grynberg* analysis appears not to have given sufficient weight to the qualifying words "shall be." When the word "entitled" is viewed, not in isolation but in conjunction with the verb form "shall be," the phrase is more properly construed as requiring the trial court to award attorney fees to the prevailing party. Thus, under the provision in the covenants here, once the prevailing party has been identified, the trial court must award to it appropriate attorney fees.

The portion of the judgment declining to award costs and attorney fees under the fee-shifting provision in the covenants is reversed, and the case is remanded for a determination of a reasonable award under that provision, including an award of attorney fees on appeal. In all other respects, the judgment is affirmed.

Judge STERNBERG and Judge METZGER concur.*

---

*\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and*