586 P.2d 246 (1978)
Robert L. HEID, Plaintiff-Appellant,
v.
Anthony J. DESTEFANO, Defendant-Appellee.
No. 78-620.
Colorado Court of Appeals, Div. III.
October 19, 1978.
*247 Blaine A. Rutenbeck, Denver, Frederic H. Poor, III, Littleton, for plaintiff-appellant.
Rector, Retherford & Mullen, J. Stephen Mullen, Colorado Springs, for defendant-appellee.
VanCISE, Judge.
Plaintiff, Robert L. Heid, brought this action against defendant, Anthony J. Destefano, to recover damages for personal injuries sustained as a result of an automobilemotorcycle collision. Pursuant to C.R.C.P. 68, Destefano offered to allow judgment to be taken against him in the amount of $3500. Heid accepted the offer. Judgment was entered accordingly, and the $3500 was paid. Sixty-eight days after the entry of the original judgment, Heid filed a motion for costs and for interest on the $3500 from the date of filing the complaint, approximately three years prior to the date of entering the judgment. The court entered judgment for certain costs accrued to the date of the offer, but refused to allow the interest. Heid appeals the denial of interest. We affirm.
The only issue before us on this appeal is whether prejudgment interest may be awarded when a C.R.C.P. 68 offer of judgment has been accepted. We hold that it may not.
Section 13-21-101, C.R.S. 1973, in effect at the time this action was instituted in March 1975, provided:
"In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person . . . it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed; and, when such interest is so claimed, it is the duty of the court . . . to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount calculated at the legal rate from the date such suit was filed to the date of entering the judgment . . . ."
The purpose of the statute is to compensate a successful plaintiff for the loss of the use of the money to which he has been entitled. Davis v. Chism, 513 P.2d 475 (Alaska 1973). Thus, prejudgment interest is an additional item of compensatory damages. Houser v. Eckhardt, 35 Colo.App. 155, 532 P.2d 54 (1974), aff'd. sub nom., Security Insurance Co. v. Houser, Colo., 552 P.2d 308 (1976).
C.R.C.P. 68 allows a party defending against a claim to "serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer . . . ." When a plaintiff accepts a C.R. C.P. 68 offer, he agrees to compromise and settle his entire claim. And since that claim includes damages for the loss of the use of the money rightfully due him, the settlement necessarily includes that element of damage. Davis v. Chism, supra; see Morse Boulger Destructor Co. v. Camden Fibre Mills, Inc., 239 F.2d 382 (3rd Cir. 1956); Sommer Corp. v. Panama Canal Co., 329 F.Supp. 1187 (D. Canal Zone 1971).
In addition, because § 13-21-101, C.R.S. 1973, is in derogation of the common law, it must be strictly construed. Clark v. Hicks, 127 Colo. 25, 252 P.2d 1067 (1953). And, when judgment is entered upon a plaintiff's acceptance of a C.R.C.P. 68 offer, damages have not "[been] assessed by the verdict of the jury, or found by the court," as required by the statute; therefore, it is not applicable.
We thus hold that when, in a personal injury action, a plaintiff accepts a C.R.C.P. 68 offer of judgment, the court is precluded from adding prejudgment interest to the amount agreed upon by the parties.
Judgment affirmed.
PIERCE and RULAND, JJ., concur.