**Dottie CARPENTIER, Plaintiff–Appellant,**

v.

**Gena BERG, Defendant–Appellee.**

**No. 91CA0050.**

Colorado Court of Appeals, Div. V.

March 26, 1992.

Melat, Pressman, Ezell & Higbie, Manuel Weiss, Colorado Springs, for plaintiff-appellant.

Retherford, Mullen, Rector & Johnson, Lori M. Moore, Colorado Springs, for defendant-appellee.

Opinion by Judge ROTHENBERG.

Plaintiff, Dottie Carpentier, appeals the order of the trial court denying her motion for an award of interest on the judgment and her bill of costs. We affirm the denial of interest but order an award of costs.

In 1989, plaintiff sued defendant, Gena Berg, for damages arising out of an automobile accident. Before trial, defendant sent plaintiff a timely offer of settlement, pursuant to § 13–17–202, C.R.S. (1991 Cum.Supp.), which allowed plaintiff "to take judgment against her in the amount of Thirty Thousand Dollars ($30,000.00) exclusive of any costs of this action or interest accrued."

Plaintiff accepted the offer of settlement and the trial court duly entered judgment in favor of plaintiff and against defendant for $30,000. Thereafter, plaintiff filed a motion requesting interest on the judgment and also filed a bill of costs. Defendant objected to both interest and costs, contending that the offer of settlement excluded them.

After considering the arguments of counsel, the trial court denied interest and costs, relying on this court's decision in *Heid v. Destefano,* 41 Colo.App. 436, 586 P.2d 246 (1978).

## I.

Plaintiff first contends that the trial court erred in denying her motion for interest on the judgment. We disagree.

Section 13–17–202 now governs all offers of settlement. In our analysis of § 13–17–202, we are primarily guided by the plain language of the statute and the legislative declaration accompanying it. That declaration states *inter alia:*

> The general assembly recognizes that litigants often encounter an *unreasonable amount of delay in ... obtaining settlement* or a judicial determination of their legal actions. [T]he changes · encompassed in this act are designed to make the legal system more effective and efficient by ... *encouraging settlement....* In enacting these changes, the intent of the general assembly is to ... reduce the high cost to individual citizens and to society caused by protracted and fruitless litigation.... Colo. Sess.Laws 1990, ch. 100, at 848. (emphasis added)

Section 13–17–202(3), C.R.S. (1991 Cum. Supp.) is the only portion of the statute which discusses offers of settlement that are *accepted.* It allows a party defending a claim to serve upon an adverse party an offer of settlement "with costs then accrued." If the adverse party accepts the offer, the clerk is authorized to enter judgment in favor of that party.

Section 13–17–202(3) does not mention interest. *Cf.* § 13–17–202(2), C.R.S. (1991 Cum.Supp.) (inferring that interest accruing before date of the offer of settlement may be added to the verdict and considered when comparing offer with the final judgment).

However, plaintiff contends that she is entitled to accrued interest pursuant to § 13–21–101(1), C.R.S. (1987 Repl.Vol. 6A), which provides:

In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person ... it is the duty of the court ... to add to the amount of damages *assessed by the verdict of the jury, or found by the court,* interest on such amount ... *calculated from the date such suit was filed to the date of satisfying the judgment....* (emphasis added)

We reject plaintiff's contention that she is entitled to interest under § 13–21–101(1), and we view *Heid v. Destefano, supra,* as dispositive. In *Heid* defendant made an offer of judgment pursuant to former C.R.C.P. 68, which was repealed by the Colorado Supreme Court effective July 1, 1990. Plaintiff accepted the offer. Then, plaintiff there, as here, sought prejudgment interest pursuant to the version of § 13–21–101 then in effect. That statute was substantially similar to § 13–21–101, C.R.S. (1987 Repl.Vol. 6A) but provided only for prejudgment interest rather than for interest through the date of satisfaction of the judgment.

This court rejected plaintiff's request for interest, noting that since § 13–21–101 is in derogation of the common law, it must be strictly construed, and it does not apply when judgment is entered upon a plaintiff's acceptance of a C.R.C.P. 68 offer. This is because damages were not "assessed by the verdict of the jury or found by the court." Thus, the court in *Heid,* held that the trial court was precluded from adding prejudgment interest to the amount agreed upon by the parties. *See also Seaward Construction Co., Inc. v. Bradley,* 817 P.2d 971 (Colo.1991).

Here, as in *Heid,* plaintiff accepted an offer of judgment, and judgment was not assessed by the verdict of a jury or found by the court. Accordingly, here, as in *Heid,* the trial court was precluded from adding prejudgment interest to the amount agreed upon by the parties.

Nor is a different result required because the settlement offer did not include any specific terms or conditions of payment. In *Heid,* the court noted that when plaintiffs accept a C.R.C.P. 68 offer, they agree to compromise and settle their entire claim. Settlement of the claim in its entirety is also present here.

## II.

Next, plaintiff contends that the trial court erred in denying her bill of costs following her acceptance of the offer of settlement. We agree and order that plaintiff be awarded the costs which had accrued before the date of the offer.

Section 13–17–202(3) states that an offer of settlement shall be made *"with costs then accrued."* (emphasis added) The phrase "with costs" is ambiguous because, depending upon its usage, "with" can indicate accompaniment, combination, or inclusion. *See Kyreakakis v. Paternoster,* 732 F.Supp. 1287 (D.N.J.1990). *See also Webster's Third New International Dictionary* 2626 (thirteen separate usages for "with" are included). Nevertheless, for the purpose of § 13–17–202(3), we specifically construe "with" to mean the same as "including."

When interpreting the language of an offer of settlement, it is reasonable to presume that the party making the offer intends to make a valid offer. And, a valid offer under § 13–17–202 requires that costs be included. *See* 5 R. Hardaway & S. Hyatt, *Colorado Methods of Practice* § 68.1 (3rd ed. 1983) (with regard to former C.R.C.P. 68, "[t]he offer [of judgment] must be specific in its terms, must not be conditional and must include the costs then accrued."). *See also* §§ 13–16–104 and 13–16–105, C.R.S. (1987 Repl.Vol. 6A).

It is only when a party's offer of settlement specifically and *unequivocally excludes* costs from being added to the final judgment that the offer is invalid. *Cf. Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) ("[A]s long as the offer [of judgment under Fed.R.Civ.P. 68] does not implicitly or explicitly provide that

the judgment not include costs, a timely offer will be valid.").

█ An invalid offer is voidable at the option of the offeree, and the party making the invalid offer may not receive the benefits of § 13–17–202. *See Scheriff v. Beck*, 452 F.Supp. 1254 (D.Colo.1978) (offer of judgment held fatally defective because offeror attempted to choose which accrued costs he was willing to pay; therefore, offer treated as invalid and court refused to award defendant costs accruing after date of offer of judgment).

Here, the defendant's offer of settlement was for $30,000 "exclusive of any costs of this action or interest accrued." The defendant's offer did not include costs, but it also did not contain specific and unequivocal language excluding costs. Accordingly, we presume that the defendant intended to comply with § 13–17–202 in making this offer and to include costs. We thus construe this language as offering $30,000 apart or separate from costs.

After the defendant's offer of settlement was accepted, the trial court was required to allow costs in addition to and apart from the $30,000 judgment, and it erred in failing to do so.

If the basis for modification of the judgment appears in the record, this court will correct the error and enter a modified judgment. *See Adler v. Adler*, 167 Colo. 145, 445 P.2d 906 (1968). Here, the amount claimed for costs accruing before the offer of settlement appears in the record before us and is not disputed.

The order denying an award of interest on the judgment is affirmed. The order denying costs is reversed, and costs of $147.60 are awarded to plaintiff.

PLANK and DAVIDSON, JJ., concur.