David H. **ABERLE**, Plaintiff–Appellee,

v.

John **CLARK** and James W. Clark, II, Defendants–Appellants.

No. 94CA1693.

Colorado Court of Appeals, Div. I.

July 27, 1995.

Rehearing Denied Sept. 7, 1995.

Certiorari Denied April 29, 1996.

Holley, Albertson & Polk, P.C., Dennis B. Polk, Golden, for plaintiff-appellee.

Walberg & Dagner, P.C., Deana R. Dagner, Matthew A. Holmes, Englewood, for defendants-appellants.

Opinion by Judge TAUBMAN.

Defendants, John Clark and James W. Clark, II, appeal the trial court's order denying their bill of costs and awarding costs to plaintiff, David H. Aberle. We reverse and remand with directions.

Defendants timely tendered to plaintiff an offer to settle plaintiff's personal injury claim for "the total amount of $60,000.00, inclusive of all costs and interest to date...." Plaintiff did not accept this offer and the matter proceeded to trial. The jury returned a verdict in favor of plaintiff for $30,000 and the trial court entered judgment in favor of plaintiff for $30,000 plus costs and interest. The parties agree that the judgment plus costs and interest was less than $60,000.

Defendants then filed a bill of costs, asserting they were entitled to costs pursuant to § 13–17–202, C.R.S. (1994 Cum.Supp.). Plaintiff also filed a bill of costs and a motion to tax interest and costs.

Relying on Carpentier v. Berg, 829 P.2d 507 (Colo.App.1992), the trial court denied defendants' bill of costs, ruling that their offer of settlement did not comply with § 13–17–202 because it specifically and unequivo-cally excluded costs and interest and, thus, was invalid. The trial court awarded plaintiff his costs as the prevailing party.

Both sides to this dispute maintain that Carpentier is controlling. Defendants contend the trial court erred in concluding their offer of settlement did not comply with the requirements of § 13–17–202. They further assert that, because the trial court found the Carpentier ruling to be controlling, parties wishing to tender offers of settlement are uncertain as to the proper language to use, thereby reducing the viability of the offer of settlement option. Plaintiff, on the other hand, maintains that the trial court properly followed Carpentier which he interprets as requiring an offer of settlement to include one sum for damages plus an additional amount for "costs then accrued." We agree with defendants' argument.

Carpentier concerned a defendant's offer of settlement, pursuant to § 13–17–202(3), C.R.S. (1994 Cum.Supp.), which allowed plaintiff "to take judgment against her in the amount of ... $30,000 ... exclusive of any costs of this action or interest accrued."

Interpreting the wording of § 13–17–202(3) which states that an offer of settlement shall be made "with costs then accrued," the Carpentier court construed the term "with" to mean the same as "including." Thus, the Carpentier ruling stands for the proposition that a valid offer under § 13–17–202 requires that costs be included.

However, it is only when a party's offer of settlement specifically and unequivocally excludes costs from being added to the final judgment that the offer is invalid. Carpentier v. Berg, supra. Indeed, the Carpentier court found that the phrase "exclusive of any costs" in the offer of settlement did not specifically and unequivocally excludes costs, construing the phrase as offering the settlement amount separate from the costs.

We are not persuaded by plaintiff's argument that defendants' offer excluded costs because costs could not be added to the offer. By its clear and unambiguous terms, costs are included within the settlement offer.

In considering the propriety of the offer of settlement here, we find persuasive the reasoning and holding of the United States Supreme Court in *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). There, the Supreme Court interpreted Fed.R.Civ.P. 68, whose language is substantially equivalent to § 13–17–202(3), which became effective in 1990, one month after the repeal of C.R.C.P. 68.

In *Marek,* the defendants had made an offer of settlement "for a sum, including costs now accrued and attorney's fee, of $100,000." The Supreme Court rejected the same argument that plaintiff makes here: that the offer of settlement was invalid because it lumped the proposal for damages with the proposal for costs. The Court held that if an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs. If the offer does not state that costs are included and an amount for costs is not specified, however, the trial court will be obliged by the terms of Fed.R.Civ.P. 68 to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs.

Thus, the Court concluded: "It is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid." *Marek v. Chesny,* 473 U.S. at 6, 105 S.Ct. at 3015, 87 L.Ed.2d at 7–8.

Explaining its holding, the Supreme Court reasoned that at the time such an offer is made, the plaintiff knows the amount of damages caused by the challenged conduct. Since the plaintiff knows or can ascertain the costs then accrued, the plaintiff could reasonably determine whether to accept the offer by adding the damages and the plaintiff's costs and comparing that figure to the amount offered.

Although *Marek* arose in the context of federal rules, we consider its reasoning applicable here and hold that § 13–17–202(3) does not require an offer of settlement to itemize separately the respective amounts being tendered for settlement of the underlying substantive claim and for costs.

Further, we find no language in *Carpentier v. Berg, supra,* which would dictate a different result.

Since an offer of settlement for a specified amount "inclusive of all costs and interest to date" is consistent with the statute, we perceive no impermissible exclusion of costs in defendants' offer of settlement. Accordingly, the trial court's denial of defendants' bill of costs under § 13–17–202 was error.

For this reason, the trial court's award of costs to plaintiff was also error. *See Centric–Jones Co. v. Hufnagel,* 848 P.2d 942 (Colo.1993) (the court is not permitted to award costs to an offeree if the offer is refused and the subsequent trial judgment obtained is less favorable than the offer, whether the offeree prevails or not).

The order is reversed, and the cause is remanded with directions to award defendants' bill of costs in accordance with § 13–17–202.

METZGER and PLANK, JJ., concur.