Joyce **CHARTIER**, Plaintiff–Appellee,

v.

**WEINLAND HOMES, INC., a Colorado corporation, and Michael Weinland, Defendants–Appellants.**

No. 00CA0712.

Colorado Court of Appeals, Div. I.

May 10, 2001.

Matsunaka & Drake, L.L.C., Stanley T. Matsunaka, Jeanne Stadler Drake, Loveland, CO, for Plaintiff–Appellee.

Wick Campbell Bramer Ukasick & Trautwein, LLC, James D. Bramer, Kimberly B. Schutt, Fort Collins, CO, for Defendants–Appellants.

Opinion by JUDGE VOGT

Defendants, Weinland Homes, Inc., and Michael Weinland, appeal from the judgment awarding attorney fees to plaintiff, Joyce Chartier, and denying their request for costs pursuant to § 13–17–202(1)(a)(II), C.R.S. 2000. We affirm in part, reverse in part, and remand with directions.

Plaintiff filed a complaint for damages arising out of defendants' construction of her duplex. The complaint included a claim for breach of contract and a request for attorney fees pursuant to a provision in the parties' contract that stated: "Anything to the contrary herein notwithstanding, in the event of any ... litigation arising out of the contract, the ... court shall award to the prevailing party all reasonable costs and expenses including attorney fees."

Defendants filed an answer denying liability and requesting a jury trial on all issues. They later made an offer of settlement pursuant to § 13–17–202(1)(a)(II), offering to pay plaintiff $12,300, which was to include any costs incurred by her through the offer date. Plaintiff refused the offer and the matter proceeded to trial.

At the beginning of trial, the court ruled, over defendants' objection, that plaintiff's claim for attorney fees would not go to the jury but would be decided by the court at a later time if plaintiff prevailed on her breach of contract claim.

The jury awarded plaintiff $4640 in damages on her breach of contract claim. After the trial, plaintiff sought $27,241 in attorney fees as the prevailing party under the contract, and defendants sought costs pursuant to § 13–17–202(1)(a)(II) on the basis that the $4640 awarded to plaintiff was less than their settlement offer.

Following a hearing at which both sides offered expert testimony, the trial court awarded plaintiff $20,000 in attorney fees. It denied defendants' request for costs, reasoning that, when the $20,000 attorney fee award was added to plaintiff's $4640 damages award, her total recovery exceeded defendants' $12,300 settlement offer.

### I.

◼ Defendants first contend that the trial court erred in denying their request to have the issue of attorney fees decided by the jury. We disagree.

Whether defendants were entitled to have a jury decide plaintiff's request for attorney fees depends on whether those fees are properly characterized as costs or damages.

◼ Attorney fees that are part of the substance of a lawsuit, that is, the legitimate consequences of the tort or breach of contract sued upon, are classified as damages and are decided by the trier of fact during the damages phase of the trial. However, if attorney fees are simply the consequence of a contractual agreement to shift fees to a prevailing party, they are to be treated as costs, at least where the fee-shifting contract provision is not the subject of the dispute between the parties and the contract itself is proven to exist. In the latter case, it is within the sound discretion of the trial court to defer consideration of the claim for fees, and the amount of such fees, until after the merits of the case are decided. *Ferrell v. Glenwood Brokers, Ltd.,* 848 P.2d 936 (Colo.1993); *see also Town of Alma v. Azco Construction,*

*Inc.,* 985 P.2d 56 (Colo.App.1999)(claim for attorney fees by prevailing party, based on contractual provision, arises after trial, when prevailing party can be identified), *aff'd,* 10 P.3d 1256 (Colo.2000).

Here, defendants concede that "plaintiff's entitlement to attorneys fees, if any, did depend on a contractual agreement to shift fees to a prevailing party." Thus, under *Ferrell,* the fees are properly characterized as costs. Contrary to defendants' contention, the fact that plaintiff and the trial court on occasion mischaracterized the attorney fees as damages does not warrant a contrary conclusion.

Accordingly, the trial court did not err in deferring consideration of plaintiff's entitlement to attorney fees, and the amount of such fees, until after the trial.

### II.

◼ Defendants next contend that the trial court erred in refusing to disallow plaintiff's claim for attorney fees based on her untimely and insufficient disclosures regarding the expert witnesses who testified to the reasonableness of her claimed fees. Again, we do not agree.

Before the fee hearing in this case, plaintiff provided defendants with copies of the documentation supporting her fee request, and also gave them the names of the three witnesses she intended to call at the hearing—herself, her former counsel, and another attorney who, like plaintiff's counsel, would provide expert testimony regarding the reasonableness of her fees. She gave a brief parenthetical description of each witness's anticipated testimony, but did not provide summaries of the experts' reports or any of the other information that must be disclosed under C.R.C.P. 26 with respect to experts who will testify at trial.

Defendants filed a motion for "partial summary judgment" on plaintiff's attorney fees claim, citing, among other reasons, her inadequate disclosures in support of the claim. The trial court denied the motion. When defendants' counsel again argued at the beginning of the fee hearing that plaintiff's experts should not be allowed to testify because she had not made the required

C.R.C.P. 26 disclosures, the court stated that, in its view, such disclosures were not necessary, and allowed plaintiff's witnesses to testify.

■ We agree with the trial court that the specific disclosure requirements of C.R.C.P. 26 do not apply to expert testimony regarding requests for attorney fees awarded as costs to a prevailing party.

In *Roa v. Miller,* 784 P.2d 826, 830 (Colo. App.1989), the division held that a successful plaintiff who was claiming attorney fees under a provision in a promissory note was not required to present evidence of such fees at trial. Rather, the trial court could properly address the fees issue after trial, using the cost award procedures set forth in C.R.C.P. 54(d) and 121 § 1–22 as "general guidelines," but subject to the parties' right to demand an evidentiary hearing. *See also Town of Alma v. Azco Construction, Inc., supra* (error to dismiss prevailing party's motion for fees as untimely, where motion was filed within fifteen days of entry of judgment, as required by C.R.C.P. 121 § 1–22).

C.R.C.P. 121 § 1–22(2), by its terms, applies to "awards of fees made to the prevailing party pursuant to a contract or statute where the award is dependent upon the achievement of a successful result in the litigation in which fees are to be awarded and the fees are for services rendered in connection with that litigation." The rule expressly does not apply to "attorney fees which are part of a judgment for damages." The rule describes the procedures applicable to requests for fees by a prevailing party, including the requirement that the movant provide documentation supporting its request, but includes no requirement regarding disclosure of any experts testifying in support of, or in opposition to, the fees request. It also provides that the court may permit discovery on the issue of attorney fees "only upon good cause shown when requested by any party." C.R.C.P. 121 § 1–22(2)(b).

In our view, these provisions are inconsistent with requiring a party seeking attorney fees as costs to provide the detailed disclosures mandated under C.R.C.P. 26 for experts who will testify at trial.

■ Here, defendants had received the information required under C.R.C.P. 121 § 1–22, as well as a letter identifying plaintiff's experts, more than three months before the hearing. They did not seek leave of the court to engage in further discovery regarding plaintiff's experts. In these circumstances, the trial court did not err in refusing to disallow fees based on plaintiff's assertedly inadequate disclosures.

### III.

■ Finally, defendants contend that the trial court erred in including the full $20,000 in attorney fees awarded to plaintiff in its calculation of whether plaintiff's final judgment exceeded the amount of defendants' statutory offer of settlement under § 13–17–202(1)(a)(II). We agree.

Section 13–17–202(1)(a)(II) states:

If the defendant serves an offer of settlement at any time more than ten days before the commencement of the trial that is rejected by the plaintiff and the plaintiff does not recover *a final judgment in excess of the amount offered,* then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff (emphasis added).

No reported Colorado case has considered whether, for purposes of this statute, "a final judgment in excess of the amount offered" includes attorney fees awarded as costs. However, that issue has been addressed in federal cases construing Fed.R.Civ.P. 68, the federal rule corresponding to former C.R.C.P. 68, the predecessor to § 13–17–202, C.R.S.2000. *See Aberle v. Clark,* 916 P.2d 564 (Colo.App.1995).

Using language similar to that in § 13–17–202(1)(a)(II), Fed.R.Civ.P. 68 provides that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

Under the federal rule, courts may not consider post-offer fees awarded as costs when they compare the offeree's recovery with the settlement offer. *See Marek v. Chesny,* 473 U.S. 1, 7, 105 S.Ct. 3012, 3015–

16, 87 L.Ed.2d 1, 12 (1985)(rejecting argument that post-offer costs, including attorney fees awarded as costs, should be considered in determining whether judgment exceeded amount of settlement offer, since such costs "merely offset part of the expense of continuing the litigation to trial"); 13 *Moore's Federal Practice* § 68.07[2] (3d ed.2000)(hereinafter, Moore).

We note that this rule is consistent with the provision in § 13–17–202(2), C.R.S.2000, that interest accruing after the date of the offer is not to be considered in comparing the amount of the settlement offer with the amount of the final judgment.

Whether pre-offer attorney fees awarded as costs should be considered as part of a prevailing party's final judgment presents a closer question. However, Moore states that the "cases seem to be coalescing on the view" that pre-offer attorney fees must be added to the underlying judgment for purposes of determining whether the result obtained by a plaintiff was more favorable than the offer the plaintiff rejected. Moore, *supra*, § 68.07[2] at 68–39 (citing cases).

In *Marryshow v. Flynn,* 986 F.2d 689, 692 (4th Cir.1993), the court reasoned that Fed. R.Civ.P. 68 requires that a comparison be made between an offer of judgment that includes "costs then accrued" and the "judgment finally obtained," and continued:

> Because the offer includes costs then accrued, to determine whether the judgment obtained is "more favorable," as the rule requires, the judgment must be defined on the same basis-verdict plus costs incurred as of the time of the offer of judgment. This construction of Rule 68 appears to be instructed by *Marek [v. Chesny, supra]*.

*See also Grosvenor v. Brienen,* 801 F.2d 944 (7th Cir.1986) (there is no reason to understand the term "judgment" to refer only to the jury's verdict on damages, rather than to both the verdict and the district court's determination of reasonable pre-offer fees).

Although the federal cases involve attorney fees awarded under statutes authorizing awards of costs to prevailing parties, we perceive no basis for applying a different rule when the fee award is made pursuant to a contractual, rather than a statutory, prevailing-party provision.

In accordance with the rule applied in the federal decisions, we hold that, in calculating whether a final judgment exceeds the amount of a settlement offer that did not specifically exclude costs, a trial court is to exclude post-offer attorney fees awarded as costs, but include pre-offer fees awarded as costs.

The $12,300 settlement offer in this case included "Plaintiff's costs incurred and interest accrued through the date of this offer." As set forth above, the attorney fees awarded were properly classified as costs. However, it is unclear how much of the $20,000 fee award consists of pre-offer attorney fees. Although some of plaintiff's fee statements are in the record, we cannot determine what amount, if any, of the fees incurred before the date of the settlement offer was discounted in the trial court's final fee award.

On remand, the trial court is to specify what portion of the $20,000 award consists of pre-offer, as opposed to post-offer, attorney fees. The amount of pre-offer attorney fees, but not post-offer fees, should then be added to the $4640 damages award to determine whether plaintiff recovered a final judgment in excess of defendants' settlement offer. If the sum of the damages award and the pre-offer fees exceeds defendants' $12,300 settlement offer, defendants may not recover costs pursuant to § 13–17–202(1)(a)(II). Conversely, if the sum of those amounts is less than defendants' settlement offer, defendants are entitled to costs under the statute.

Finally, contrary to defendants' contention, a determination that they are entitled to costs does not preclude an award of attorney fees to plaintiff as the prevailing party. *See Centric–Jones Co. v. Hufnagel,* 848 P.2d 942 (Colo.1993) (court is required to award costs if offer is refused and subsequent trial judgment obtained is less favorable to offeree than offer, whether offeree prevails or not); *Aberle v. Clark, supra.* Plaintiff may direct her request for appellate attorney fees under the "prevailing party" provision to the trial court on remand. *See Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d 326 (Colo.1994); *Giampapa v. American Family Mutual Insurance Co.,* 12 P.3d 839

(Colo.App.2000)(*cert. granted on other grounds* November 6, 2000).

The portion of the judgment awarding plaintiff her attorney fees is affirmed. The portion of the judgment denying defendants' request for costs under § 13–17–202(1)(a)(II) is reversed and the cause is remanded for additional proceedings consistent with the views expressed in this opinion.

METZGER and DAILEY, Judges, concur.