24CA1583 Tracy v Surofchek 07-10-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1583
El Paso County District Court No. 20CV30335
Honorable Amanda J. Philipps, Judge

George Tracy and Amy Tracy,

Plaintiffs-Appellants,

v.

David T. Surofchek and Amy Surofchek,

Defendants-Appellees.

ORDERS AFFIRMED

Division III
Opinion by JUDGE BROWN
Dunn and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 10, 2025

Gordan Rees Scully Mansukhani LLP, John R. Mann, Denver, Colorado, for Plaintiffs-Appellants

Sparks Willson, P.C., Eric V. Hall, Robert J. Bucknam, Colorado Springs, Colorado, for Defendants-Appellees

¶ 1     Plaintiffs, George Tracy and Amy Tracy (the Tracys), appeal the district court's orders denying their request for attorney fees and awarding attorney fees and costs to David T. Surofchek and Amy Surofchek (the Surofcheks).  We affirm.

## I.     Background and Procedural History

¶ 2     After the Surofcheks moved into a house next to the Tracys, a dispute arose over who owned a bordering corner of property.  The parties entered into a settlement agreement, under which the Surofcheks paid the Tracys $15,000 for a quitclaim deed to the contested area.  A few weeks later, the Tracys sued the Surofcheks, claiming (1) trespass; (2) conversion and destruction of property; and (3) breach of covenants of the homeowners' association's bylaws.  The Surofcheks counterclaimed for breach of the settlement agreement and abuse of process.

¶ 3     In April 2022, after a four-day trial, a jury returned a verdict in favor of the Surofcheks on all claims and counterclaims and awarded the Surofcheks $208,542 in damages for breach of the settlement agreement and $950,000 in damages for abuse of process.  After the district court entered judgment on the jury verdict, the Tracys moved for, and the court granted, a stay on

1

execution of the judgment pending appeal.  The Tracys secured the judgment with letters of credit.  In May, the court amended the judgment to include prejudgment interest and costs.

¶ 4        The Tracys appealed only the judgment entered on the Surofcheks' abuse of process counterclaim.  *See Tracy v. Surofchek*, (Colo. App. No. 22CA0910, July 6, 2023) (not published pursuant to C.A.R. 35(e)) (*Surofchek I*).[1]  Based on a jury instruction error, a division of this court reversed and remanded for a new trial on the abuse of process counterclaim.  *Id.* at ¶ 33.  The portions of the judgment the Tracys had not appealed remained undisturbed.  *Id.* at ¶ 36.  The division did not resolve the Tracys' contention that the evidence presented was insufficient to support the jury's verdict on the abuse of process counterclaim, declining to speculate whether a properly instructed jury would have found in favor of the Surofcheks.  *Id.* at ¶ 34 n.6.  The case mandated on August 28, 2023.

---

[1] The Tracys filed a second appeal involving recovery of the costs incurred during the first appeal that is not relevant to our analysis. *See Tracy v. Surofchek*, 2025 COA 21.

¶ 5　　About a month later, the Surofcheks moved to certify the breach of settlement agreement judgment as final under C.R.C.P. 54(b), so they could collect on it while the abuse of process counterclaim was pending.  The court denied the motion, reasoning only that "the reversal of that part of the judgment [on the abuse of process counterclaim] and remand for new trial on that claim means that there is no 'final judgment' in this case."

¶ 6　　In February 2024, the Surofcheks moved to dismiss their abuse of process counterclaim with prejudice, citing personal reasons.  The Tracys partially opposed the motion only to the extent that it affected their right to request attorney fees and costs.  On February 29, the court granted the motion, vacated the scheduled trial, and dismissed the abuse of process counterclaim with prejudice.  In March, the Surofcheks moved to amend the judgment to include additional postjudgment interest and costs and to reflect that the abuse of process counterclaim had been dismissed.  On April 23, the court entered the second amended judgment.

¶ 7　　Meanwhile, the Surofcheks moved for attorney fees and costs under a fee-shifting provision in the settlement agreement.  They argued that the fees and costs were related to the enforcement and

collection of the breach of settlement agreement judgment. They requested $21,280.44 in fees and costs from August 28, 2023 (the date of the *Surofchek I* mandate) through March 20, 2024 (the date they filed the motion) but reserved the right to request future fees and costs incurred to collect the judgment.

¶ 8    In May, the Tracys filed their own motion for attorney fees under section 13-17-102(2), C.R.S. 2024, seeking to recover all fees incurred after July 6, 2023 (the date *Surofchek I* was announced) and arguing that the Surofcheks' pursuit of their abuse of process counterclaim on remand was substantially frivolous, groundless, and vexatious.

¶ 9    After full briefing on both motions, the district court held a hearing. On August 26, the court granted the Surofcheks' motion[2] and denied the Tracys' motion. The Tracys contend that the court erred in both respects.

---

[2] On September 5, 2024, the district court issued an amended order nunc pro tunc to August 26, correcting clerical errors in the original order.

## II.  Standard of Review

¶ 10    We review de novo a trial court's interpretation of a contractual fee-shifting provision.  *In re Estate of Gattis*, 2013 COA 145, ¶ 35.  But we review a court's decision whether to award attorney fees and costs for an abuse of discretion.  *S. Colo. Orthopaedic Clinic Sports Med. & Arthritis Surgeons, P.C. v. Weinstein*, 2014 COA 171, ¶ 8 (reviewing a trial court's decision to award attorney fees); *Front Range Res., LLC v. Colo. Ground Water Comm'n*, 2018 CO 25, ¶ 15 (reviewing a trial court's decision to deny attorney fees).  A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair or is based on a misapplication of the law.  *Front Range*, ¶ 15.

## III.  The Surofcheks' Attorney Fees and Costs

¶ 11    The Tracys contend that the district court erred by awarding the Surofcheks the attorney fees and costs they incurred on remand attempting to collect the breach of settlement agreement judgment because those fees and costs were not (1) recoverable under the settlement agreement's fee-shifting provision or (2) reasonable and necessary.  We reject these contentions.

## A.     Applicable Law

¶ 12     "In the absence of a specific statute, court rule, or contract provision to the contrary, attorney fees are not recoverable by a prevailing party in a contract or tort action." *Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 503 (Colo. App. 2003).  But a contract may include a fee-shifting provision entitling a prevailing or nonbreaching party to recover attorney fees and costs. *Weinstein*, ¶ 10.  Even if such a provision directs the trial court to award fees and costs to the prevailing or nonbreaching party, however, the court must still determine whether the requested fees and costs were reasonable and necessary.  *See E-470 Pub. Highway Auth. v. Revenig*, 140 P.3d 227, 230 (Colo. App. 2006) ("In Colorado, a 'reasonably necessary' consideration has been explicitly recognized to be part of a cost-shifting assessment and implicitly recognized to be part of an attorney fee-shifting assessment.") (citation omitted); *see also Weinstein*, ¶ 11.

## B.     Additional Background

¶ 13     The settlement agreement between the Surofcheks and the Tracys includes the following fee-shifting provision: "Any non-breaching [p]arty to this [a]greement shall be entitled to recover

6

from the breaching [p]arty all attorney's fees and costs incurred as a result of any breach of this [a]greement." It is undisputed that the Surofcheks prevailed on their counterclaim for breach of the settlement agreement, making the Surofcheks the "non-breaching [p]arty" and the Tracys the "breaching [p]arty."

¶ 14     In their motion for attorney fees and costs, the Surofcheks argued that the fee-shifting provision entitled them to recover all their fees and costs "incurred to collect upon the contract breach." The Tracys opposed the motion, arguing that (1) the fee-shifting provision did not entitle the Surofcheks to attorney fees and costs for collection; (2) the Surofcheks already received attorney fees as "damages" as part of the May 2022 judgment, which was undisturbed by the appeal; (3) the doctrine of merger barred further requests for fees and costs; and (4) any fees or costs incurred after the appeal could only relate to the abuse of process counterclaim.

¶ 15     In granting the Surofcheks' motion, the district court first determined that the fee-shifting provision did not "limit the award of fees to those fees and costs incurred prior to the entry of judgment." The court also determined that the Tracys had breached the settlement agreement but had not yet paid the judgment and that

7

the Surofcheks "incurred additional attorneys' fees and costs seeking certification of the contract breach judgment, attempting to collect the amounts owed for the contract breach, and discussing settlement of the amounts owed for the contract breach." The court reasoned that "[n]ot awarding attorneys' fees would allow the Tracys as judgment debtors to dilute the initial award by drawing out collection efforts." The court indicated that it had reviewed the relevant filings and exhibits, considered the parties' arguments at the hearing, and determined that the Surofcheks "only submitted those fees and costs associated with the contract breach claim." It awarded the Surofcheks a total of $21,280.44 in attorney fees and costs as requested.

### C. The Fee-Shifting Provision Allows Recovery of Attorney Fees and Costs Incurred for Collection Efforts

¶ 16    The Tracys contend that the settlement agreement's fee-shifting provision is not a broad prevailing party provision entitling the Surofcheks to recover attorney fees and costs incurred in collecting the breach of settlement agreement judgment or in securing an award of fees. Instead, they argue that the Surofcheks already recovered attorney fees "in the form of damages" as part of

8

the May 2022 judgment and that any fees or costs incurred postjudgment were not incurred "as a result of [the] breach."  For four reasons, we are not persuaded.

### 1. "As a Result of" Broadly Allows Recovery of Attorney Fees and Costs Causally Connected to a Breach

¶ 17    First, we do not read the fee-shifting provision so narrowly.  In interpreting the provision de novo, *Gattis*, ¶ 35, we give words and phrases their "plain and ordinary meaning" and interpret them "in a 'common sense manner,'" *Weinstein*, ¶ 11 (citation omitted).  The provision plainly entitles a nonbreaching party to recover "all" attorney fees and costs incurred "as a result of" any breach of the agreement.  "[A]s a result of" is broad; it means "because of something."  Merriam-Webster Dictionary, https://perma.cc/K9DK-JSJP; *see Plemmons v. People*, 2022 CO 45, ¶ 25 (When a term is not defined by statute and does not have a technical or particularized meaning, "we may consider a definition in a recognized dictionary." (quoting *Cowen v. People*, 2018 CO 96, ¶ 14)); *see also Tidwell ex rel. Tidwell v. City & Cnty. of Denver*, 83 P.3d 75, 86 (Colo. 2003) (broadly interpreting the similar phrase

9

"resulting from" to mean "as a consequence or effect of" something else).

¶ 18    The phrase "as a result of" is a causal connector.  *Cf. Cyprus Amax Mins. Co. v. Lexington Ins. Co.*, 74 P.3d 294, 306 (Colo. 2003) (referring to "resulting from" as a "causal connector" between conduct and loss); *Lopez v. City of Grand Junction*, 2018 COA 97, ¶ 20 ("'Resulting from' is construed broadly to require only a 'minimal causal connection' between the injuries and the specified conduct." (quoting *Tidwell*, 83 P.3d at 86)).  So long as there is a minimal causal nexus between the attorney fees and costs claimed and the breach, the fees and costs are recoverable.  *See Cyprus Amax Mins. Co.*, 74 P.3d at 306; *Lopez*, ¶ 20.  And the fee-shifting provision entitles the nonbreaching party to "all" such fees and costs.  Thus, we conclude that, under the provision's broad language, attorney fees and costs incurred to collect the judgment for breach of the settlement agreement are incurred "as a result of" that breach.

¶ 19    We are not persuaded otherwise by the Tracys' argument that some of the attorney fees and costs claimed by the Surofcheks were caused in part by the abuse of process counterclaim.  The Tracys

10

argue, for example, that the Surofcheks would not have tried to certify the breach of settlement agreement judgment as final under C.R.C.P. 54(b) if the abuse of process counterclaim had not been pending on remand. According to the Tracys, the fees and costs associated with that effort were actually incurred "as a result of" the abuse of process claim and are not awardable under the fee-shifting provision. But Colorado law recognizes and tolerates the fact that a particular result may have multiple contributing causes. *See, e.g.*, *Vititoe v. Rocky Mountain Pavement Maint., Inc.*, 2015 COA 82, ¶¶ 39-41 (recognizing that causation in fact may be established even when multiple causes contributed to an injury so long as the defendant's conduct was a "substantial factor" and "a cause without which the injury would not have occurred" (first quoting *Rupert v. Clayton Brokerage Co. of St. Louis*, 737 P.2d 1106, 1112 (Colo. 1987); and then quoting *Reigel v. SavaSeniorCare L.L.C.*, 292 P.3d 977, 985 (Colo. App. 2011))). We see no reason to subject the broad language in the fee-shifting provision to a more rigid standard.

¶ 20 We are also not persuaded by the Tracys' reliance on *Laleh v. Johnson*, 2016 COA 4 (*Laleh I*), *aff'd on other grounds*, 2017 CO 93 (*Laleh II*), to argue that the provision must explicitly provide for the

11

recovery of collection fees and costs. In *Laleh I*, ¶¶ 23-25, a division of this court disapproved of an order requiring the parties to pay costs incurred by a court-appointed expert in collecting the fees he was owed under his engagement agreement. The provision of the agreement the division analyzed made the parties "jointly and severally liable for the timely and complete payment of all fees and expenses." *Id.* at ¶ 23. The division reasoned that "[n]othing in the relevant language of the contract explicitly mentions collection costs." *Id.* at ¶ 25.

¶ 21    But the relevant provision in the settlement agreement is not a simple fee payment provision like the one analyzed in *Laleh I.* Instead, it is a fee-shifting provision like the one the supreme court focused on in *Laleh II*: "The prevailing party in any dispute [between the expert and the parties] is entitled to an award of reasonable attorney fees, costs and expenses." *Laleh II*, ¶ 27 (alteration omitted). Based on this separate provision, the supreme court concluded that the expert was entitled to recover collection costs. *Id.* at ¶ 31. Like the provision in *Laleh II*, the fee-shifting provision here entitles the Surofcheks to recover attorney fees and costs incurred in collecting the breach of settlement agreement judgment.

## 2. The Fee-Shifting Provision is a Prevailing Party Provision

¶ 22 Second, we disagree with the Tracys that the fee-shifting provision does not constitute a "prevailing party" provision. "Fee-shifting provisions are expressly designed to reject the otherwise applicable rule that the losing party does not have to pay the winner's attorney fees." *Wheeler*, 74 P.3d at 503. This purpose does not change when a fee-shifting provision uses the term "non-breaching party" rather than "prevailing party" because the provision still shifts the risk of incurring fees to the losing (breaching) party. *See id.*; *see also Morris v. Belfor USA Grp., Inc.*, 201 P.3d 1253, 1260 (Colo. App. 2008) ("No 'formulaic language' is required to constitute a valid fee-shifting provision, so long as the provision 'clearly informs the parties that a breach . . . may result in an award of attorney fees.'") (citation omitted).

¶ 23 Here, the jury determined that the Tracys breached the settlement agreement, so the Tracys were the "breaching party"/losing party, and the Surofcheks were the "non-breaching party"/prevailing party entitled to recover their attorney fees and costs.

### 3. The Fee-Shifting Provision Allows Recovery of Attorney Fees Categorized as "Costs"

¶ 24    Third, we reject the Tracys' argument, as best we understand it, that the fee-shifting provision does not allow the Surofcheks to recover attorney fees incurred after the May 2022 judgment because the provision only entitles them to recover attorney fees that are categorized as "damages," not those that are categorized as "costs," and they already recovered attorney fees as part of the judgment.

¶ 25    Attorney fees are considered damages if they are "part of the substance of a lawsuit, that is, the legitimate consequences of the . . . breach of contract sued upon." *Chartier v. Weinland Homes, Inc.*, 25 P.3d 1279, 1281 (Colo. App. 2001). This category of attorney fees is decided by the trier of fact at the damages stage of the proceedings. *Id.* A contractual fee-shifting provision is not necessary for a party to recover attorney fees as damages. *See L.H.M. Corp., TCD v. Martinez*, 2021 CO 78, ¶ 26 (discussing "the wrong-of-another doctrine" that entitles a plaintiff to recover attorney fees incurred in a separate litigation against a third party as an appropriate measure of compensatory damages).

14

¶ 26    On the other hand, "if attorney fees are simply the consequence of a contractual agreement to shift fees to a prevailing party, they are to be treated as costs." *Chartier*, 25 P.3d at 1281. This category of damages may be awarded by the trial court after the entry of judgment on the merits. *See id.*; C.R.C.P. 121, § 1-22(2)(a). A contractual fee-shifting provision *is* necessary for a party to recover attorney fees as costs. *See Wheeler*, 74 P.3d at 503; *Weinstein*, ¶ 10.

¶ 27    The fee-shifting provision here does not limit recoverable attorney fees to those categorized as damages and awarded as part of the merits judgment. No contract provision would be required for the Surofcheks to recover that category of attorney fees. Instead, because the attorney fees at issue here are recoverable as a consequence of the fee-shifting provision, they are appropriately treated and awarded as costs.

¶ 28    The parties seem to agree that the district court awarded the Surofcheks some attorney fees as part of the merits judgment entered on the breach of settlement agreement counterclaim. We are not able to determine based on the record before us what fees were awarded then or why. But to the extent those fees were

15

appropriately categorized as damages, they were recoverable by the Surofcheks without regard to the fee-shifting provision. To the extent those fees were more appropriately categorized as costs, they were recoverable by the Surofcheks under the fee-shifting provision, regardless of whether the court chose to liquidate and award them as part of the original merits judgment or to defer their consideration until after judgment entered. *See Chartier*, 25 P.3d at 1281. Moreover, that some attorney fees may have already been awarded does not prevent the Surofcheks from applying for an additional, nonduplicative fee award.

4. The District Court Exercised Discretion in Awarding Attorney Fees and Costs under the Fee-Shifting Provision

¶ 29 Fourth, we are not persuaded by the Tracys' argument that the district court erred because it believed it had no discretion to deny the requested attorney fees and costs given the mandatory language of the fee-shifting provision. The Tracys rely on *Grynberg v. Agri Tech, Inc.*, 985 P.2d 59, 64-65 (Colo. App. 1999), *aff'd on other grounds*, 10 P.3d 1267 (Colo. 2000), to argue that the phrase "shall be entitled" is permissive and vests the court with discretion to award fees and costs. We are not required to follow *Grynberg*,

16

*see Chavez v. Chavez*, 2020 COA 70, ¶ 13 (one division of the court of appeals is not bound by another), and we find *Brock v. Weidner*, 93 P.3d 576, 580 (Colo. App. 2004), more persuasive. *Brock* declined to follow *Grynberg*, reasoning that a provision containing both "entitled" and "shall be" is "more properly construed as requiring the trial court to award attorney fees to the prevailing party." *Brock*, 93 P.3d at 580.

¶ 30 Even so, nothing in the record suggests that the district court believed it lacked discretion to deny the Surofcheks' request for attorney fees and costs. Instead, the record reflects that the court exercised its discretion to award fees and costs because the Tracys "refused to pay the judgment and forced additional litigation" and should not be allowed to "dilute" the judgment.

¶ 31 Accordingly, we perceive no error in the district court's determination that the fee-shifting provision in the settlement agreement entitled the Surofcheks to recover additional attorney fees and costs incurred in connection with postjudgment efforts to collect the breach of settlement agreement judgment. *See Gattis,* ¶ 35; *Front Range,* ¶ 15.

D.   The Attorney Fees and Costs Were Reasonable and Necessary

¶ 32    The Tracys next contend that the attorney fees and costs the district court awarded were not reasonable or necessary because the Surofcheks were not entitled to collect on the breach of settlement agreement judgment while the abuse of process counterclaim remained pending.  Relatedly, the Tracys appear to argue that any fees and costs incurred post-remand were necessarily related to the abuse of process counterclaim.  The Tracys do not dispute the "reasonableness of the amount of fees or costs awarded" but only "whether [the fees and costs] were reasonably and necessarily incurred in litigating" the Surofcheks' breach of settlement agreement counterclaim.

¶ 33    After reviewing the exhibits and conducting a hearing, the district court determined that all the claimed fees were "incurred as a result of" the Tracys' breach of the settlement agreement.  We perceive no abuse of discretion.

¶ 34    To be sure, although the Tracys seek to characterize the claimed attorney fees and costs as relating to improper efforts to collect on a nonfinal judgment, the district court did not award fees or costs for traditional execution or enforcement efforts — for

18

example, issuing debtor interrogatories and conducting a debtor deposition under C.R.C.P. 69, preparing writs of execution and garnishment, or recording a transcript of judgment and seeking to foreclose on the Tracys' assets. Instead, as reflected in the exhibits the Surofcheks filed in support of their motion, the court awarded fees and costs incurred in connection with (1) efforts to secure a final judgment on the breach of settlement agreement counterclaim, including seeking C.R.C.P. 54(b) certification; (2) attempts to reach a global settlement; and (3) the underlying fee request. We disagree with the Tracys that these categories of fees and costs should have been denied.

¶ 35 First, the Surofcheks' efforts to secure a final judgment on their breach of settlement agreement counterclaim so that they could collect on it were efforts undertaken "as a result of" the breach. The Surofcheks had a final, collectable judgment on their counterclaims until *Surofchek I* unwound part of that judgment. Because the abuse of process counterclaim remained pending on remand, the Surofcheks no longer had a final judgment on which to execute. *See L.H.M.,* ¶ 14 ("[A]s a general rule, a judgment is final and therefore appealable if it disposes of the entire litigation on its

merits, leaving nothing for the court to do but execute the judgment.") (citation omitted). To try to begin collecting on the portion of the judgment that remained undisturbed after the appeal, the Surofcheks filed a C.R.C.P. 54(b) motion asking the district court to certify the breach of settlement agreement judgment as final. *See Musick v. Woznicki*, 136 P.3d 244, 250 (Colo. 2006) (a correct C.R.C.P. 54(b) certification is required for a litigation involving multiple claims in a single action to be considered final and appealable).

¶ 36 Frankly, we do not understand why the court denied the Rule 54(b) motion; the only rationale it articulated was that there was "no 'final judgment' in this case." But the lack of a final judgment was exactly why the Surofcheks sought to obtain Rule 54(b) certification. Under these circumstances, the court acted within its discretion in recognizing that the Surofcheks' attempt to certify the judgment as final was a legitimate strategy, even if it was unsuccessful.[3] *See Hartman v. Cmty. Resp. Ctr., Inc.*, 87 P.3d 254,

---

[3] We note that the judge who awarded the Surofcheks their attorney fees and costs was a different judge than the one that denied their C.R.C.P. 54(b) motion.

257 (Colo. App. 2004) ("The determination of the reasonableness of attorney fees is a question of fact for the trial court and will not be disturbed on appeal unless patently erroneous and unsupported by the evidence." (quoting *Porter v. Castle Rock Ford Lincoln Mercury, Inc.*, 895 P.2d 1146, 1150 (Colo. App. 1995))); *cf. Payan v. Nash Finch Co.*, 2012 COA 135M, ¶ 34 (recognizing circumstances under which attorney fees may be awarded for unsuccessful claims).  The Tracys provide no controlling authority to support their assertion that a court cannot award fees for an unsuccessful motion.

¶ 37     Second, we acknowledge that the Surofcheks' efforts to secure a global settlement necessarily included the abuse of process counterclaim and that attorney fees incurred in connection with that counterclaim are not covered by the settlement agreement's fee-shifting provision.  However, once the Surofcheks' efforts to secure Rule 54(b) certification failed, they had to resolve both counterclaims to obtain a final judgment on which to collect.  A global settlement is one way to achieve that end.  And the settlement efforts included offers to compromise claims for attorney fees and costs that the Surofcheks otherwise would have been entitled to in connection with the breach of settlement agreement

counterclaim (presumably including the claim the Surofcheks pursued that is the subject of this appeal). Thus, the district court's decision to award attorney fees related to these settlement efforts was not manifestly arbitrary, unreasonable, or unfair. *See Front Range*, ¶ 15.

¶ 38 Third, although we did not locate published Colorado caselaw approving of an award of fees on fees under a contractual fee-shifting provision, courts in Colorado "have upheld awards of 'fees-on-fees'" under statutory fee-shifting provisions "based on the compensatory purpose of fee-shifting." *Stresscon Corp. v. Travelers Prop. Cas. Co. of Am.*, 2013 COA 131, ¶ 122, *rev'd on other grounds*, 2016 CO 22M; *see also Mau v. E.P.H. Corp.*, 638 P.2d 777, 778-81 (Colo. 1981) (upholding an award of fees on fees under section 38-12-103(3)(a), C.R.S. 1981). We see no reason to treat an award of fees on fees under a contractual fee-shifting provision differently than those awarded under a statutory fee-shifting provision.

¶ 39 Notably, as to the "fees on fees" issue, the Tracys do not argue that the difference between a statutory and a contractual fee-shifting provision matters; they argue only that the Surofcheks were not entitled to any post-appeal fees and that the fees were not

reasonably or necessarily incurred.  We have already rejected those arguments.  Thus, we conclude the district court did not abuse its discretion by awarding the Surofcheks attorney fees incurred in preparing and submitting their motion for fees and costs.  *See Front Range*, ¶ 15.

¶ 40     Finally, the Tracys take issue with certain line items in the Surofcheks' billing exhibit, which they assert relate only to the abuse of process counterclaim — specifically, fees for litigating the Tracys' bill of costs on appeal, opposing the release of the Tracys' letters of credit, and communicating with the Surofcheks.  But the line items to which the Tracys point also include efforts to collect on the breach of settlement agreement judgment, for which attorney fees were appropriately awarded under the fee-shifting provision. The Tracys also argue that block billing makes it difficult to ascertain what fees relate to what work, but block billing is not prohibited, and the court can make reductions based on block billing if it cannot "determine whether the amount of time spent on various tasks was reasonable." *Payan*, ¶ 29.  The district court here chose not to make such a reduction.  And the Tracys have not carried their burden to demonstrate that the court acted manifestly

23

arbitrarily, unreasonably, or unfairly in determining that these amounts, too, were incurred "as a result of" the Tracys' breach of the settlement agreement. *See Weinstein*, ¶ 8; *Front Range*, ¶ 15.

### IV. The Tracys' Motion for Attorney Fees

¶ 41 The Tracys contend that the district court erred by denying their motion for attorney fees under section 13-17-102 because the court failed (1) to make sufficient findings for review on appeal and (2) to consider evidence in the record that the Surofcheks' abuse of process counterclaim was groundless as a matter of law.[4] We reject both contentions.

### A. Applicable Law

¶ 42 Under section 13-17-102(4), a court "shall assess attorney fees" against a party who brought an action "that lacked substantial justification." An action "[l]ack[s] substantial justification" when it is "substantially frivolous, substantially groundless, or substantially

---

[4] The Tracys' original motion for attorney fees argued that the Surofcheks' abuse of process counterclaim was "substantially frivolous, groundless, and vexatious," but on appeal, they contend only that the counterclaim was "groundless as a matter of law," so we consider the other grounds abandoned. *See Armed Forces Bank, N.A. v. Hicks*, 2014 COA 74, ¶ 38 (arguments raised in the trial court and not pursued on appeal are deemed abandoned).

24

vexatious." § 13-17-102(9)(a). "A claim is groundless 'if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial.'" *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 300 (Colo. App. 2009) (quoting *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984)). The trial court is in the best position to determine whether an action satisfies these standards because "[w]hether a claim lacked substantial justification is a question of fact for the trial court." *Argo v. Hemphill*, 2022 COA 104, ¶ 51 (quoting *Mitchell v. Ryder*, 104 P.3d 316, 320 (Colo. App. 2004)).

### B. The District Court Made Sufficient Findings

¶ 43 The Tracys contend that the district court failed to make sufficient findings for meaningful appellate review. We disagree.

¶ 44 Under section 13-17-103(1), C.R.S. 2024, a court must make "specific factual findings" regarding the enumerated factors "only when granting an award of fees, not when denying an award." *Munoz v. Measner*, 247 P.3d 1031, 1032 (Colo. 2011). "[W]hen denying attorney fees, the trial court must make sufficient findings such that adequate appellate review can be exercised." *Id.*

25

¶ 45    The Tracys requested attorney fees related to the Surofcheks'

pursuit of their abuse of process counterclaim after that portion of

the original judgment was reversed.  They argued that, after the

appeal, the Surofcheks "were absolutely on notice that their claim

was not actionable."

¶ 46    In denying the Tracys' motion, the court first recounted that,

in the first trial, the Surofcheks had prevailed on their abuse of

process counterclaim and were awarded almost $1 million in

damages by the jury before a division of this court reversed.  Next, it

set forth the standard for determining whether a claim is

groundless.  It then explained that "[t]he appellate opinion

addressed" the issue of whether the Surofcheks' counterclaim

lacked substantial justification "to some degree."  The court noted

that the division did not decide whether the Surofcheks presented

sufficient evidence to support their abuse of process

counterclaim — that remained "an open question."  The court also

noted that the division declined to speculate on whether the jury

would have found for the Surofcheks had it been properly

instructed.  Finally, it concluded that the Tracys had not met their

burden to prove that the abuse of process counterclaim was groundless.

¶ 47    The Tracys argue that the district court's "sole articulated basis" for denying their motion for attorney fees was *Surofchek I*'s "dictum" declining to speculate on whether a properly instructed jury would have found in favor of the Surofcheks on the abuse of process claim. But given the district court's consideration of the Surofcheks' success in the first trial, the procedural history of the case, and the *Surofchek I* division's opinion, we understand it to have denied the Tracys' motion because it did not know what evidence the Surofcheks would present at a second trial or whether a jury, guided by the legal standards articulated in *Surofchek I*, would enter a verdict in the Surofcheks' favor. In other words, the court could not say that the Surofcheks' abuse of process counterclaim was "not supported by any credible evidence *at trial.*" *Hamon Contractors*, 229 P.3d at 300 (emphasis added) (citation omitted). Because we can discern the basis for the court's decision, we conclude that the court made sufficient findings to allow for meaningful appellate review. *See Munoz*, 247 P.3d at 1032.

27

## C. The District Court Did Not Fail to Consider the Evidence

¶ 48 The Tracys contend that the district court failed to review the evidence in the record establishing that the Surofcheks' abuse of process counterclaim was groundless as a matter of law. They argue that they presented "ample evidence" from the first trial for the court to make the determination without speculating on what a properly instructed second jury would do. We are not persuaded.

¶ 49 The Tracys focus on the "improper use" element of the abuse of process claim, arguing that merely bringing a baseless, meritless, or unfounded lawsuit by itself cannot satisfy that element. *See Parks v. Edward Dale Parrish LLC*, 2019 COA 19, ¶ 13; *see also Surofchek I*, No. 22CA0910, slip op. at ¶ 29. They argue that "there was absolutely no evidence at trial of any improper use of process by [the Tracys] in prosecuting their claims." Even if that were true, the Surofcheks were not bound to present the exact same evidence in a second trial. Under these circumstances, we perceive no abuse of discretion by the district court in declining to conclude that the Surofcheks' claim would not have been supported by credible evidence at the second trial. *See Weinstein*, ¶ 8; *Front Range*, ¶ 15.

## V.    Disposition

¶ 50    We affirm the district court's orders (1) granting the Surofcheks' motion for attorney fees and costs and (2) denying the Tracys' motion for attorney fees.

JUDGE DUNN and JUDGE SCHOCK concur.